THE STATE EX REL. SAMPSON, APPELLANT, *v.* PARROTT, JUDGE, APPELLEE.

[Cite as *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92.]

(No. 97–2556—Submitted April 20, 1998—Decided June 10, 1998.)

*John Lee Sampson, pro se.*

*R. Larry Schneider,* Union County Prosecuting Attorney, and *John C. Heinkel,* Assistant Prosecuting Attorney, for appellee.

---

**Per Curiam.** Sampson asserts that the court of appeals abused its discretion by dismissing his complaint. For the following reasons, however, the court of appeals properly dismissed Sampson's complaint for a writ of mandamus.

First, Sampson had adequate remedies at law by appeal or postconviction relief to review the claimed sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383. Second, the fact that Sampson has already invoked some of these alternate remedies to raise his claim of sentencing error does not entitle him to extraordinary relief in mandamus. Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108, 109. Finally, to the extent that Sampson's complaint could be construed as a request for immediate release from prison, habeas corpus, rather than mandamus, is the proper action. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.