[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 61.]

THE STATE EX REL. JOHNSON, APPELLANT, *v.* BETTMAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Johnson v. Bettman*, 1998-Ohio-309.]

*Mandamus to compel common pleas court judge either to abrogate or redetermine relator's sentence, since he had completed his minimum prison term— Complaint dismissed, when.*

(No. 98-1379—Submitted September 28, 1998—Decided December 2, 1998.)

APPEAL from the Court of Appeals for Hamilton County, No. C-980457.

_____

{¶ 1} In May 1998, appellant, Michael L. Johnson, filed a complaint in the Court of Appeals for Hamilton County for a writ of mandamus to compel appellee, Hamilton County Common Pleas Court Judge Gilbert Bettman, either to abrogate or redetermine Johnson's sentence because he had completed his minimum prison term. After Judge Bettman filed a motion to dismiss, the court of appeals granted the motion and dismissed Johnson's complaint.

{¶ 2} This cause is now before the court upon an appeal as of right.

_____

*Michael L. Johnson, pro se.*

_____

*Per Curiam.*

{¶ 3} Johnson asserts that the court of appeals erred in dismissing his complaint because former R.C. 5145.01 and 5145.02 required Judge Bettman to abrogate or redetermine his sentence following completion of his minimum term. For the following reasons, however, Johnson's assertions lack merit.

{¶ 4} First, neither former R.C. 5145.01 nor 5145.02 imposed any duty on Judge Bettman to redetermine Johnson's sentence after he had allegedly completed

his minimum prison term. See *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 284-285.

**{¶ 5}** Second, Johnson did not allege his entitlement to the requested extraordinary relief with sufficient particularity to withstand dismissal. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114.

**{¶ 6}** Finally, to the extent that Johnson claims that he is entitled to release from prison, habeas corpus, rather than mandamus, is the proper action. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 694 N.E.2d 463.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____