JOURNAL ENTRY AND OPINION
Anton I. Billings, relator, is seeking a writ of mandamus to compel respondent, Judge Carolyn B. Friedland, to vacate his criminal convictions and sentence adjudicated in Cuyahoga County C.P. Case No. CR-288250 entitled State v. Billings. Relator claims respondent lacked jurisdiction to try him because his written jury waiver form was not file-stamped by the clerk of court and therefore not "filed in said cause and made a part of the record thereof" as required in R.C. 2945.05 and State v.Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766. Both parties moved for summary judgment and, for the reasons that follow, we grant respondent's motion for summary judgment and deny relator's motion for summary judgment.
 I. BACKGROUND A. TRIAL
Relator was indicted on charges of aggravated arson, improper discharge of a firearm and two counts of felonious assault with specifications. Prior to trial, relator waived his right to be tried by a jury as follows:
 Anton Billings was present in court with counsel and the trial judge carefully examined him, explained his rights and determined his action in seeking the waiver was knowingly, intelligently and voluntarily entered. This is recorded in a certified copy of the proceedings. Next, our examination of the file shows that the waiver is contained in and made a part of the record in this case. It is the original document and bears the signature of the defendant which is attested (sic) and witnessed by trial counsel in this case. * * * [T]he clerk's docket sheet verifies that the knowledgeable trial judge entered a journal entry contemporaneous with the signing of the waiver which was journalized and is part of the docket sheet in this file.
State v. Billings (1995), 103 Ohio App.3d 343, 348,659 N.E.2d 799. The waiver form itself apparently did not contain the file stamp of the clerk of court. On January 6, 1994, following trial to the bench, the court convicted relator of the charged offenses.[1]
 B. DIRECT APPEAL
Relator appealed his conviction and sentence to this court and argued as one of his assignments of error that he was denied his right to a jury trial because he was not informed on the record that the jury's verdict had to be unanimous. During the pendency of relator's appeal, the Supreme Court of Ohio decided the habeas corpus action entitled State ex rel. Jackson v. Dallman (1994),70 Ohio St.3d 261, 638 N.E.2d 563. In Jackson, despite the fact that Mr. Jackson had appealed his conviction and sentence without contesting the jurisdiction of the trial court, see State v.Jackson (Aug. 12, 1993), Cuyahoga App. No. 63535, unreported, the Ohio Supreme Court granted the writ of habeas corpus, discharged Mr. Jackson from prison (with the opportunity for retrial), and held that there was "no evidence that the written waiver form was ever filed and made a part of the record in Jackson's criminal case. Therefore, the common pleas court did not comply with R.C.2945.05, and it lacked jurisdiction to subsequently try and convict Jackson." Jackson, 70 Ohio St.3d at 262. The Court went on the state that:
 The writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy. State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. By far the most common situation in which habeas corpus relief is available is when the sentencing court patently and unambiguously lacked jurisdiction. R.C. 2725.05. This is the situation here.
Id. at 263.
Relator moved for and was granted permission to supplement his appeal with the Jackson authority. Relator, relying upon Jackson,
thus contended that the failure of the trial court to comply with R.C. 2945.05 deprived the trial court of jurisdiction to try him. This court, however, distinguished the facts in relator's case from the facts in Jackson and affirmed relator's convictions.State v. Billings, 103 Ohio App.3d 343, 659 N.E.2d 799. Relator's motion for reconsideration was denied on April 17, 1995, and relator's motion to certify a conflict was denied on May 9, 1995.
 C. OHIO SUPREME COURT APPEAL
On July 19, 1995, the Supreme Court of Ohio granted relator's motion for leave to file a delayed appeal. Billings, 73 Ohio St.3d 1412,651 N.E.2d 1310. During the pendency of relator's appeal, the Ohio Supreme Court decided the habeas corpus action entitled State ex rel. Larkins v. Baker (1995), 73 Ohio St.3d 658,653 N.E.2d 701. In Larkins, where Mr. Larkins' signed jury waiver form was in the court's case file but was not file-stamped, the court denied habeas relief and held that "[t]he failure to strictly comply with R.C. 2945.05 under the circumstances here is neither a jurisdictional defect nor an error for which no adequate remedy at law exists. Larkins could have raised the error in his direct appeal." Larkins,73 Ohio St. at 660. The Court continued and stated that:
 Of greater import is the express language of R.C. 2945.06, which conditions the trial judge's authority to proceed with a bench trial in those cases that `a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code.' Larkins fulfilled this condition to the common pleas court's authority to hold a bench trial, (sic) by executing a written waiver of his right to a jury trial and electing to be tried by the court. The failure to strictly comply with R.C. 2945.05 by not filing the executed written waiver was not the result of Larkins's (sic) failure to properly waive his right to be tried by a jury and elect to be tried by the court. The evidence is uncontroverted that he did so. Instead, the failure to comply with R.C. 2945.05 was the result of an error on the part of the trial court to formally file the executed written waiver.
 Based on the foregoing, the failure to strictly comply with R.C. 2945.05 by failing to file a properly executed written jury trial waiver under these unique circumstances is not a jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial. Dallman is particularly distinguishable from the instant case since the written waiver was not physically placed in the record in that case, and since Dallman did not stipulate that he had waived his right to a jury trial but instead disputed whether the waiver had been made. Tate [(1979), 59 Ohio St.2d 50, 391 N.E.2d 738] addressed the general issue of compliance with R.C. 2945.05 only in the context of a direct appeal. In addition, to the extent that they are inconsistent with our holding, we limit the holdings of Dallman and Tate.
Id. at 661.
On November 15, 1995, the Supreme Court of Ohio disallowed relator's discretionary appeal. Billings, 74 Ohio St.3d 1455,656 N.E.2d 947-953.
 D. CASE LAW POST-APPEALS
On January 17, 1996, the Supreme Court of Ohio decided State v.Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766. In Pless, the defendant had signed a jury waiver form and the court had issued a journal entry to that effect, but the jury waiver form had not been made a part of the record. The Ohio Supreme Court reversed the judgment of the appellate court affirming the convictions, vacated the judgment of the trial court, remanded the case to the trial court for a new trial, and held as follows:
 1. In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. (State v. Tate * * *, and State ex rel. Jackson v. Dallman * * *, construed and applied.)
 2. The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction (State v. Tate
* * *, State ex rel. Jackson v. Dallman * * *; and State ex rel. Larkins v. Baker * * *, harmonized.)
Pless, 74 Ohio St.3d at 333-34, syllabus.
Relying on the holding in Pless, Mr. Larkins, who had been denied habeas relief, filed a mandamus action in this court on March 10, 1998, seeking to vacate his 1986 convictions because the trial court failed to comply with R.C. 2945.05. Mr. Larkins also relied on State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,553 N.E.2d 650. In Ballard, the trial court had rendered a judgment in a civil case against a person who was not served with summons, did not appear, and was not a party in the court proceedings. Mr. Ballard moved to vacate the judgment, claiming the court lacked jurisdiction over him, and also commenced a mandamus action on the same grounds. The trial court denied the motion to vacate and this court denied the writ of mandamus. Mr. Ballard appealed the denial of the writ of mandamus to the Supreme Court of Ohio, which reversed the judgment of this court, issued the writ of mandamus, and held as follows:
 1. A trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings. A person against whom such judgment and findings are made is entitled to have the judgment vacated.
 2. If an inferior court is without jurisdiction to render a judgment, mandamus will lie to compel the court to vacate its judgment and findings.
Ballard, 50 Ohio St.3d 182, syllabus. The Court further held that the remedy of appeal, which is normally an adequate remedy that prevents the issuance of a writ of mandamus, is irrelevant when an inferior court is without jurisdiction to render a judgment. The Court stated:
 Mandamus will lie where it is apparent from the record that the inferior court had no jurisdiction, and the writ will lie even though the party aggrieved may also be entitled to appeal. In re Winn [(1909), 213 U.S. 458], at 466. The rule that mandamus will not lie does not apply to an attempt by a court to exercise its discretion on subject matter not within its jurisdiction. Id. at 467-468.
 In Municipal Court of Toledo v. State, ex rel. Platter
(1933), 126 Ohio 103, 184 N.E. 1, at paragraph five of the syllabus, we held that where a court has made an unlawful order exceeding its authority, mandamus is the proper remedy by which to compel such court to set aside and vacate such order. This decision is in accord with the decision of the United States Supreme Court in Ex parte United States (1916), 242 U.S. 27. See, also, Ex parte Bradley (1863), 74 U.S. (7 Wall.) 364, at 377. Consistent with these decisions, we hold that if an inferior court is without jurisdiction to render a judgment, mandamus will lie to compel the court to vacate its judgment and findings.
Id. at 184.
This court denied Mr. Larkins' request for a writ of mandamus to vacate his convictions relying on paragraph two of the syllabus in Pless wherein the Ohio Supreme Court held that "`[t]he failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction.'" State ex rel.Larkins v. Aurelius (June 18, 1998), Cuyahoga App. No. 74115, unreported, quoting Pless, 74 Ohio St.3d at 334. Mr. Larkins appealed, but to no avail. The Supreme Court of Ohio, in State exrel. Larkins v. Aurelius (1998), 84 Ohio St.3d 112,702 N.E.2d 79, affirmed the judgment of this court applying Pless
retroactively and stated as follows:
 As the court of appeals correctly held, the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus. A claimed violation of R.C. 2945.05 is not the proper subject for an extraordinary writ. See Jackson v. Rose (1997), 79 Ohio St.3d 51, 679 N.E.2d 684, 685.
 In addition, because Larkins essentially requests release from prison, mandamus will not lie. State ex rel. Sampson v. Parrott (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463, 463-464.
Larkins, 84 Ohio St.3d at 113. II. CASE SUB JUDICE
Relator is now before this court seeking the same relief Mr. Larkins sought, except that relator raised the issue of the trial court's failure to comply with R.C. 2945.05 in his direct appeal.
Relator contends that when a lower court lacks jurisdiction, mandamus is available to vacate the void judgment regardless of the availability of an appeal pursuant to State ex rel. Ballardv. O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650. While relator's interpretation of Ballard is correct, relator's application of Ballard to the circumstances of his case is misplaced. In civil cases, and perhaps in criminal cases where the immediate release from prison is inapplicable, Ballard may be controlling. But the Supreme Court of Ohio has made it clear that the extraordinary writ of mandamus cannot be used to secure a release from prison, State ex rel. Sampson v. Parrott (1998),82 Ohio St.3d 92, 694 N.E.2d 463; State ex rel. Smith v. Yost
(1998), 81 Ohio St.3d 111, 689 N.E.2d 565, even when a relator challenges the jurisdiction of the trial court for failure to comply with the jury waiver statute, State ex rel. Larkins v.Aurelius (1998), 84 Ohio St.3d 112, 702 N.E.2d 79. To hold otherwise would permit incarcerated individuals "to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, i.e., attachment of commitment papers and verification." State ex rel. Lemmon v. OhioAdult Parole Authority (1997), 78 Ohio St.3d 186, 188,677 N.E.2d 347. Accordingly, because relator's complaint for a writ of mandamus essentially seeks release from prison, as did Mr. Larkins' complaint in State ex rel. Larkins v. Aurelius, supra,
mandamus will not lie.
Relator further contends that absent the issuance of the writ of mandamus, he stands convicted by a court lacking jurisdiction to do so and without an adequate remedy since he raised the issue on appeal as required by Pless, albeit unsuccessfully. This may or may not be the case in relator's circumstances. The record before us does not indicate whether relator has sought relief in a habeas corpus action, and we decline to render an advisory opinion in that regard. Our decision herein is based upon the clear case law that the extraordinary writ of mandamus may not be issued to secure a release from prison under these circumstances.
Additionally, relator contends that the decision in Pless,
limiting the remedy for jurisdictional error to direct appeal, has usurped the power of the General Assembly which provided the postconviction statute, R.C. 2953.21, as a remedy for the vacation of a void criminal judgment. If the jurisdiction referred to in Pless is subject matter jurisdiction, cf. State v.Swiger (1998), 125 Ohio App.3d 456, 708 N.E.2d 1033, discretionary appeal not allowed, 82 Ohio St.3d 1411,694 N.E.2d 75, whether raised on appeal or not, since subject matter jurisdiction cannot be waived, res judicata would not bar postconviction relief. State v. Wilson (1995), 73 Ohio St.3d 40,652 N.E.2d 196. Whether Pless bars postconviction relief to relator is undecided. Again, the record before us does not indicate whether relator pursued postconviction relief, wherein such a determination as to jurisdiction, usurpation, waivers andres judicata would be more appropriately determined. See Swiger,supra. In any event, mandamus is not the appropriate remedy even if relator's usurpation argument were found to have merit. Consequently, any opinion of this court in this regard would be mere dicta, which we decline to espouse.
Finally, relator contends that this court admitted after Pless
that the decision in relator's direct appeal was in error but nonetheless allowed his convictions to stand. The language relator relies on as an "admission of error" by this court is as follows: "The most recent reported case by this Court, State v.Billings (1995), 103 Ohio App.3d 343, must also give way to the Pless decision." State v. Coleman (May 20, 1996), Cuyahoga App. No. 69202, unreported, slip op. at 6. The words "must also give way" are not and were not an admission of error as relator interprets them, but rather were and are a statement of how precedent set by a superior court must be applied to all pending and future cases, if not otherwise distinguished. In the context of Mr. Coleman's appeal, Billings, the controlling authority for Cuyahoga County cases with similar facts prior to Pless, had to "give way" to Pless, the new controlling authority for Ohio announced by Ohio's highest court. Thus, this court, in decidingColeman, made no comment as to the merits of its decision inBillings or the application of Pless to Billings.
Accordingly, there being no genuine issue as to any material fact and, pursuant to State ex rel. Larkins v. Aurelius (1998),84 Ohio St.3d 112, 702 N.E.2d 79, we grant the summary judgment motion of respondent and deny the summary judgment motion of relator.
Writ denied. Costs to relator.
ANN DYKE, J., CONCURS
 ________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
[1] During the pendency of relator's case in the trial court, it does not appear that relator objected at any time pursuant to Crim.R. 12(B)(2) to the lack of jurisdiction of the court to try him without a jury for the reason that the jury waiver form was not filed in his case and made a part of the record as required in R.C. 2945.05 (effective 1953) and Simmons v. State
(1906), 75 Ohio St. 346, 79 N.E. 555, syllabus, nor does it appear that the prosecutor moved to admit the jury waiver form as a part of the record.