Richard Harris, relator, commenced this mandamus action against respondent, the Court of Common Pleas, "seeking speedy justice, and his right to liberty under Senate Bill 2." Relator claims in his petition that "[b]ecause the judge did not follow the law, the Relator's sentence is contrary to law and requires redres (sic) via the writ of mandamus * * *." Respondent moved to dismiss the petition and, for the reasons argued by the prosecutor, we grant respondent's motion.
A Civ.R. 12 (B) (6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought. State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77,537 N.E.2d 641; O'Brien v. Univ. Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. State ex rel. Boggs v. Springfield Local SchoolDist. Bd. of Ed. (1995), 72 Ohio St.3d 94, 647 N.E.2d 788.
In this case, relator has failed to set forth a clear legal duty of the respondent and has also failed to set forth what relief he is seeking. A writ of mandamus will not lie to compel the observance of laws generally. State ex rel. Kuczak v. Saffold
(01993), 67 Ohio St.3d 123, 616 N.E.2d 230; State ex rel. Tillimonv. Weiher (1992), 65 Ohio St.3d 468, 605 N.E.2d 35. If relator is essentially requesting release from prison based upon an erroneous sentence, mandamus will not lie in that instance as well. State exrel. Sampson v. Parrott (1998), 82 Ohio St.3d 92, 694 N.E.2d 463.
In addition, relator has or had adequate remedies at law through appeal or postconviction relief for the review of claimed sentencing errors. Id. Mandamus may not be used as a substitute for alternate remedies, see State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141, 228 N.E.2d 631, or to relitigate issues that were raised unsuccessfully in an adequate alternate remedy,Sampson, 82 Ohio St.3d at 93.
Finally, relator has failed to include on his petition the name of the respondent against whom the writ may issue and the addresses of the parties as required by Civ.R. 10, and has failed to supply the Loc.App.R. 45 (B) (1) (a) affidavit in support of his petition. All of these deficiencies also warrant dismissal. SeeState ex rel. Smith v. Fitzsimmons (Dec. 3, 1998), Cuyahoga App. No. 75525, unreported; State ex rel. Calloway v. Court of CommonPleas (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported.
Accordingly, respondent's motion to dismiss is granted. Costs to relator.
DISMISSED.
ANN DYKE. J.. CONCURS
 _________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE