[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 259.]

THE STATE EX REL. EARL, APPELLANT, *v.* MITCHELL, APPELLEE.

[Cite as *State ex rel. Earl v. Mitchell*, 1999-Ohio-54.]

*Habeas corpus sought to compel Warden of Mansfield Correctional Institution to release relator from prison—Dismissal of petition affirmed.*

(No. 99-1262–Submitted November 3, 1999–Decided December 1, 1999.)

APPEAL from the Court of Appeals for Richland County, No. 99CA 40.

_____

{¶ 1} In 1991, the Cuyahoga County Court of Common Pleas convicted appellant, Jonathan Earl, of four counts of rape and two counts of gross sexual imposition and sentenced him to an aggregate term of twenty-three to fifty years in prison. The court of appeals affirmed the judgment of the common pleas court. *State v. Earl* (June 24, 1993), Cuyahoga App. No. 62610, unreported, 1993 WL 227178.

{¶ 2} In 1999, Earl filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel appellee, Mansfield Correctional Institution Warden Betty J. Mitchell, to release him from prison. Earl claimed that his convictions and sentence were void because his trial court had not complied with the jury-trial waiver requirements of R.C. 2945.05, *i.e.*, his written waiver form had not been filed in his criminal case. The court of appeals dismissed the petition.

{¶ 3} The cause is now before this court upon an appeal as of right.

_____

*Jonathan Earl, pro se*.

*Betty D. Montgomery*, Attorney General, and *Laurence R. Snyder*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

**{¶ 4}** We affirm the judgment of the court of appeals. A claimed violation of R.C. 2945.05 is not the proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction. *Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684, 685; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____