[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 237.]

THE STATE EX REL. BILLINGS, APPELLANT, *v*. FRIEDLAND, JUDGE, APPELLEE.

[Cite as *State ex rel. Billings v. Friedland*, 2000-Ohio-317.]

*Mandamus to compel common pleas court judge to vacate relator's convictions and sentence for failure to comply with jury-waiver requirements of R.C. 2945.05—Court of appeals' grant of motion for summary judgment affirmed.*

(No. 99-1823—Submitted January 25, 2000—Decided March 22, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 76597.

————————————

{¶ 1} Following a bench trial, the Cuyahoga County Court of Common Pleas convicted appellant, Anton I. Billings, of aggravated arson, improper discharge of a firearm, and two counts of felonious assault with specifications, and sentenced him to an aggregate prison term of fifteen to forty years. On appeal, the court of appeals affirmed his convictions and sentence. *State v. Billings* (1995), 103 Ohio App.3d 343, 659 N.E.2d 799, appeal not allowed (1995), 74 Ohio St.3d 1455, 656 N.E.2d 950. The court of appeals rejected Billings's claim that his trial court had not complied with the R.C. 2945.05 jury-waiver requirements. *Billings*, 103 Ohio App.3d at 347-348, 659 N.E.2d at 801-802.

{¶ 2} In October 1999, Billings filed a complaint in the court of appeals for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas Judge Carolyn B. Friedland, his trial court judge, to vacate his convictions and sentence because she failed to comply with the jury-waiver requirements of R.C. 2945.05. The court of appeals granted Judge Friedland's motion for summary judgment.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Anton I. Billings, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Lisa Reitz Williamson*, Assistant Prosecuting Attorney, for appellee.

_____

*Per Curiam.*

{¶ 4} Billings asserts that the court of appeals erred in denying the requested extraordinary relief in mandamus. For the following three reasons, we find that Billings's claims lack merit and affirm the judgment of the court of appeals.

{¶ 5} First, any failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction, and not by extraordinary writ. *Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684, 685; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus.

{¶ 6} Second, if a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not issue to relitigate the same issue. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463, 463-464. Billings cannot relitigate the same R.C. 2945.05 claim he raised in his direct appeal in a subsequent mandamus action.

{¶ 7} Finally, as the court of appeals correctly held, because Billings essentially requests release from prison, mandamus is not the appropriate remedy. *State ex rel. Larkins v. Aurelius* (1998), 84 Ohio St.3d 112, 113, 702 N.E.2d 79, 79-80.

{¶ 8} Accordingly, based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____