OPINION JOURNAL ENTRY
This cause is before this Court on a pro-se petition for writ of habeas corpus filed on August 10, 2001. Respondents Ohio Department of Rehabilitation and Corrections and Jeffrey Wolfe, Warden of the Noble Correctional Institution filed a Civ.R. 12(B)(6) motion to dismiss on August 30, 2001.
Petitioner asserts that his maximum jail time has expired and he is entitled to release if the court takes into account 125 days of pre-trial detention. By affidavit Petitioner avers that he was incarcerated from January 11, 1999, until April 15, 1999. He has attached a copy of a May 3, 1999 sentencing entry imposing concurrent one year terms of incarceration on three separate drug charges to which Petitioner had pled guilty. The Ohio sentence was to run consecutive to a sentence arising out of a conviction in Kentucky.
In their motion to dismiss Respondents argue that Petitioner's maximum sentence has not expired and that the issue of jail time credit had already been adversely decided against Petitioner and he failed to pursue the legal remedy of a direct appeal from that decision. Respondents have attached judgment entries from the underlying criminal proceeding denying his motion for jail time credit and overruling his request to have the Ohio sentence run concurrent with the Kentucky sentence.
This case is similar to Heddleston v. Mack (1998), 84 Ohio St.3d 213. Heddleston petitioned for writ of habeas corpus arguing that if he had been properly credited with his previous jail time, he would have served his minimum time and would have received an earlier parole hearing. Heddleston's earlier motion for correction of jail time credit had been denied by the sentencing court.
In affirming the dismissal of the petition the Ohio Supreme Court stated:
 "* * * the fact that Heddleston may have already invoked an alternate remedy, i.e., a motion to correct jail-time credit, does not entitle him to extraordinary relief to relitigate the issue. State ex rel. Sampson v. Parrott (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463."
The court also held:
 "* * * habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. Morgan v. Ohio Adult Parole Authority (1994), 68 Ohio St.3d 344, 346, 626 N.E.2d 939, 941."
Petitioner has not demonstrated from the commitment papers attached to his petition that his maximum sentence has expired. In fact, he acknowledges delivery to Ohio authorities on December 11, 2000 to begin serving his Ohio sentence. With the clear expression by the trial court that the Ohio sentence was to be consecutive to the Kentucky sentence and that by separate entry Petitioner was not entitled to jail time credit, we find that Respondent's motion to dismiss pursuant to Civ.R. 12(B)(6) is with merit and is sustained.
Under R.C. 2725.05:
 "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."
On the pleadings before this Court it appears that Petitioner is not entitled to a writ of habeas corpus for the reasons stated above. Petition dismissed. Costs taxed against Petitioner.
Final order. Clerk to serve a copy of this opinion and journal entry on counsel or unrepresented party.
DONOFRIO, J., VUKOVICH, J. and WAITE, J., concurs.