OPINION
 STATEMENT OF THE FACTS AND CASE
On October 11, 1996, Appellant was indicted on one count of complicity to aggravated robbery.
On October 18, 1996, Appellant entered a plea of not guilty to the offense as charged in the indictment.
On November 27, 1996, Appellant withdrew his former plea of not guilty and entered a plea of guilty.
On January 7, 1997, Appellant was sentenced to three years community control sanction.
On September 15, 1998, a Motion to Revoke or Modify Former Order of probation was filed.
On October 14, 1998, an evidentiary hearing was held on the Motion to Revoke or Modify Former Order.
By Judgment Entry dated October 19, 1998, the trial court continued said community sanctions and imposed the additional condition that Appellant enter Oriana House and complete the program recommended by his probation officer.
On April 5, 1999, a second Motion to Revoke or Modify Former Order of probation was filed.
On April 18, 1999, an evidentiary hearing was held on the Motion to Revoke or Modify Former Order.
On May 3, 1999, by Judgment Entry, the trial court revoked Appellant's probation and sentenced him to a definite term of four (4) years in the Lorain Correctional Institution.
On August 11, 1999, Appellant filed a Motion for Jail Time Credit, requesting an additional 150 days of jail time credit.
By Judgment Entry dated August 23, 1999, which was corrected with aNunc Pro Tunc Entry dated September 8, 1999, the trial court granted Appellant an additional six (6) days to be added to the previous ninety-six (96) days previously credited to Appellant, totaling one hundred twelve (112) days of jail time credit.
On June 18, 2001, Appellant filed an additional Motion for Jail Time Credit, claiming that he is entitled to a total of two hundred seventy-six (276) days of jail time credit for time spent in the Stark County Jail, the Tuscarawas County Jail and Oriana House.
By Entry dated June 28, 2001, the trial court again stated that Appellant was only entitled to credit for the one hundred twelve (112) days spent at the Stark County Jail.
On September 12, 2001, Appellant filed a Motion to Correct an Improper Sentence, again arguing that he should be granted credit for the seventy-six (76) days spent in the Tuscarawas County Jail and the ninety (90) days spent at Oriana House. Appellant also argued in said Motion that he should have been granted the shortest sentence allowable under the law pursuant to R.C. § 2929.14(B) because he had never before been imprisoned.
By Entry dated September 21, 2001, the trial court again held that its prior entry granting appellant one hundred twelve (112) days of jail time was correct.
Appellant now appeals, assigning the following errors:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO COMPORT WITH R.C. 2929.14(B).
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT CREDIT FOR TIME SERVED IN A COMMUNITY BASED CORRECTIONAL FACILITY.
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH R.C. 2967.191 AND GRANT CREDIT FOR TIME SPENT IN THE TUSCARAWAS COUNTY JAIL.
 I.
We dismiss appellant's first assignment of error as we find that such challenges the legality of his sentence and therefore, is not timely before this court for consideration.
The record reflects the trial court filed its sentencing judgment entry on January 7, 1997. Appellant never filed an appeal of his conviction. In 2001, appellant filed a motion to correct an improper sentence. The trial court denied appellant's motion. Although claiming to appeal the denial of this motion, it is apparent from appellant's brief that he is attempting to challenge the legality of his sentence from 1997. Pursuant to App.R. 4(A) 4(B)(3), in a criminal case a party must file a notice of appeal within thirty days of the judgment from which the appeal is taken. Appellant's appeal is not timely under App.R. 4 and accordingly, appellant's first assignment or error is dismissed for lack of jurisdiction.
 II., III.
Appellant claims that the trial court erred in failing to grant him jail time credit for the ninety (90) days he spent at Oriana House and the seventy-six (76) days he spent in the Tuscarawas County Jail.
We must dismiss these appeals for being untimely filed and for lack of a final appealable order.
The Ohio Supreme Court has held that a criminal defendant may appeal a sentencing order which contains an incorrect calculation of jail time credit. State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426, 426;State ex rel. Sampson v. Parrott (1998), 82 Ohio St.3d 92, 93. Appellant's right to appeal the calculation of jail-time credit arose on September 8, 1999, when his original sentence was corrected and he was granted 112 days of jail-time credit. This order was final and appealable pursuant to R.C. §§ 2505.02(B)(1), in that it was an order that affected a substantial right, determined the action, and prevented any further judgment. Appellant did not file a direct appeal of this judgment entry.
The Ohio Constitution confers upon appellate courts, "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Section 3(B)(2), Article IV, Ohio Constitution. R.C. §2505.02 sets forth those orders that are "final orders" subject to review by Ohio's appellate courts. For this present appeal to constitute a final appealable order, it must satisfy one of the prongs of R.C. §2505.02(B), which states:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
It is obvious that the September 21, 2001, decision does not satisfy R.C. § 2505.02(B)(3-5). A common factor of final appealable orders under both R.C. § 2505.02(B)(1) and (2) is that the orders affect a substantial right of the party who is appealing. We find that the September 21, 2001, entry does not affect any of Appellant's substantial rights. Prior to the order, Appellant had 112 days of jail-time credit. After the order, Appellant continued to have 112 days of jail-time credit. Nothing changed by virtue of the September 12, 2001, order. As stated earlier, the order that affected his substantial rights was the September 8, 1999 entry.
The timely filing of a notice of appeal is required for this Court to gain subject matter jurisdiction over an appeal. Hosfelt v. Miller
(Nov. 22, 2000), Jefferson App. No. 97-JE-50, unreported. Under App.R. 4(A), Appellant had thirty days to file his appeal of the August 17, 1999, order. He also could have filed a motion for delayed appeal under App.R. 5, but that did not occur in this case. Therefore, we are left with an unappealed final order, filed on September 8, 1999, and an appealed non-final order, rendered on September 21, 2001. This Court does not have jurisdiction to review either of these orders at this time.
For the foregoing reasons, we dismiss this appeal for failure to file a timely notice of appeal of the September 8, 1999, entry and for lack of a subsequent final appealable order regarding jail-time credit.
BOGGINS, J., FARMER, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is dismissed. Costs to Appellant.