JOURNAL ENTRY and OPINION
{¶ 1} On May 14, 2004, the relator, James Waver, commenced this action, seeking writs of mandamus or prohibition, against the respondent, Judge Eileen Gallagher. Waver seeks to vacate at least the part of his sentence relating to specifications in the underlying criminal case, State v. James Waver, Cuyahoga County Common Pleas Court Case No. CR-351032 or, in the alternative, to prohibit the judge from enforcing that part of the sentence. On June 3, 2004, the respondent judge, through the Cuyahoga County Prosecutor, moved to dismiss, and on June 15, Waver filed a brief in opposition. For the following reasons, this court grants the motion to dismiss.
 {¶ 2} In early 1997, the grand jury indicted Waver on two counts of rape with sexually violent predator specifications and one count of felonious assault with a sexual motivation specification. On January 8, 1998, shortly before trial, the trial court granted Waver's motion to try the specifications to the court. The jury found him guilty as charged, and the court found him guilty of the specifications and sentenced him to ten years to life on the rape charges and three to eight years on the felonious assault charge, all to be served consecutively.
 {¶ 3} Waver now argues that he never executed a jury waiver as to the specifications, and such was never put into the record. Under State ex rel. Jackson v. Dallman, 70 Ohio St.3d 261,1994-Ohio-235, 638 N.E.2d 563, and its progeny, the failure to strictly comply with R.C. 2945.05, the jury waiver statute, deprives the trial court of jurisdiction to try the case to the bench. He further submits that Apprendi v. New Jersey (2000),530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, extends that principle to sentence enhancing specifications. Therefore, he argues the verdicts and sentences relating to the specifications are void.
 {¶ 4} Mandamus and prohibition lie to vacate or correct judgments entered without jurisdiction. State ex rel. Ballard v.O'Donnell (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, at paragraph two of the syllabus. Prohibition will lie if (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. When a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State exrel. Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245
and State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387,668 N.E.2d 996. Waver argues that the lack of a jury waiver so patently and unambiguously deprived the trial court of jurisdiction over the matter that an extraordinary writ will lie regardless of the availability of appeal.
 {¶ 5} However, the Ohio Supreme Court has repeatedly ruled that direct appeal, not an extraordinary writ, is the sole and proper remedy for a claimed violation of the jury-waiver requirements of R.C. 2945.05. In State v. Pless,74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766, at paragraph two of the syllabus, the court ruled: "The failure to comply with R.C.2945.05 may be remedied only in a direct appeal from a criminal conviction." The Court further held that "the sole propositionfor which [State ex rel. Larkins v. Baker, 73 Ohio St.3d 658,1995-Ohio-144, 653 N.E.2d 701] stands is that a violation of R.C.2945.05 is not the proper subject for habeas corpus relief."74 Ohio St.3d at 339, emphasis in the original.
 {¶ 6} In State ex rel. Billings v. Friedland,88 Ohio St.3d 237, 2000-Ohio-317, 724 N.E.2d 1151, the relator, as in the instant case, filed a mandamus action to compel the trial court to vacate his convictions and sentence for failure to comply with the jury-waiver requirements. The Court held: "Any failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction and not by extraordinary writ."88 Ohio St.3d at 238. See, also, Spears v. DeWeese,102 Ohio St.3d 202, 2004-Ohio-2364, 808 N.E.2d 389; State ex rel. Frazier v.Brigano, 102 Ohio St.3d 148, 2004-Ohio-2139, 807 N.E.2d 346;State ex rel. Rash v. Jackson, 102 Ohio St.3d 145,2004-Ohio-2053, 807 N.E.2d 344; State ex rel. Stovall v. Jones,91 Ohio St.3d 403, 2001-Ohio-80, 746 N.E.2d 601; Bradford v.Moore, 90 Ohio St.3d 75, 2000-Ohio-25, 734 N.E.2d 828; andState ex rel. Earl v. Mitchell, 87 Ohio St.3d 259,1999-Ohio-54, 719 N.E.2d 545. These repeated holdings of the Ohio Supreme Court are determinative; an extraordinary writ is not the proper remedy for a claimed jury-waiver violation.
 {¶ 7} Accordingly, the respondent's dispositive motion is granted, and Waver's application for a writ of mandamus or for a writ of prohibition is denied. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Celebrezze, Jr., P.J. concurs.
 Sweeney, J. concurs.