[Cite as *State ex rel. Pryor v. Martin*, 2011-Ohio-1224.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
FAIRFIELD COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | : | JUDGES: |
| Anthony C. Pryor, | : | |
| | : | |
| Relator | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | |
| CHRIS A. MARTIN, JUDGE, et al., | : | CASE NO. 10-CA-56 |
| | : | |
| Respondent | : | OPINION |

CHARACTER OF PROCEEDING:          Petition for Writ of Mandamus

JUDGMENT:          WRIT DENIED

DATE OF JUDGMENT ENTRY:          March 9, 2011

APPEARANCES:

For Petitioner – Pro se:

ANTHONY C. PRYOR - #437-185
Ross Correctional Institution
16149 State Route 104, North
P.O. Box 7010
Chillicothe, Ohio 45601

For Respondent:

Judge Chris A. Martin
Fairfield County Common Pleas Court
224 East Main Street
Lancaster, Ohio 43130

Fairfield County, Case No. 10-CA-56

Patricia A. Delaney, J.,

{¶1 }  Relator, Anthony Pryor, has filed a Petition for Writ of Mandamus arguing he should have his sentence vacated and be released from prison because the trial court failed to complete sentencing for over six years.

{¶2 }  Relator was convicted in the Fairfield County Court of Common Pleas of two counts of rape, four counts of complicity to commit rape, one count of kidnapping, and one count of abduction.  After merging several of the counts, Relator was sentenced to an aggregate term of three life sentences.  Following his conviction, Relator appealed to this Court in Fairfield Case Number 02CA91 wherein this Court affirmed his conviction but reversed and remanded the case to the trial court for the purpose of resentencing to impose post release control sanctions.  Our opinion was issued in Case Number 02CA91 on February 2, 2004.  The Mandamus Complaint in this case was filed November 10, 2010.  The trial court imposed post release control upon Relator by an entry dated February 2, 2011.

{¶3 }  To the extent the complaint could be construed as a request for immediate release from prison, habeas corpus, rather than mandamus, is the proper action. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227 and *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463, 463.

{¶4 }  As the Suprme Court recently explained,

{¶5 }  "The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear

legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v.. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath,* 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86." *State, ex rel. Henderson v. Gallagher* 2010 WL 2332701, 1 (Ohio App. 8 Dist.).

{¶6} Relator argues the trial court lacks jurisdiction to sentence Relator following a delay of more than six years. The Ninth District Court of Appeals recently addressed this argument,

{¶7} "In this case, the trial court timely attempted to enter a legal sentence but failed to mention the imposition of post-release control. Further, the Supreme Court of Ohio observed in *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 856 N.E.2d 263,

Fairfield County, Case No. 10-CA-56

2006-Ohio-5795, that a trial court retains continuing jurisdiction to correct a void sentence. *Id.* at ¶ 19, 856 N.E.2d 263, citing *State v. Garretson* (2000), 140 Ohio App.3d 554, 559, 748 N.E.2d 560, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774. Accordingly, the trial court had jurisdiction to resentence Brown." *State v. Brown* 2010 WL 3894990, 3 (Ohio App. 9 Dist.).

{¶8 } Like *Brown* the trial court did impose a correct sentence except for the omission of post release control. We agree with the *Brown* Court that the trial court retains jurisdiction to correct an otherwise valid sentence.

{¶9 } At this juncture, the trial court has fulfilled its duty in compliance with our remand. Further, Relator has an adequate remedy at law to challenge any sentencing error which may have been committed. We note this issue was raised in *Brown* by way of direct appeal.

{¶10 } For these reasons, we find Relator has failed to demonstrate the requisite elements to justify the issuance of a writ of mandamus and deny the requested writ.

{¶11 } PETITION FOR WRIT DENIED.

{¶12 } COSTS TO PETITIONER.

By: Delaney, .J.
    Farmer, P.J. and
    Wise, J. concur

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
FAIRFIELD COUNTY, OHIO

STATE OF OHIO, ex rel.,       :
Anthony C. Pryor,       :     CASE NO. 10-CA-56
      :
    Relator       :
      :
-vs-       :     <u>JUDGMENT ENTRY</u>
      :
CHRIS A. MARTIN, JUDGE, et al.,       :
      :
    Respondent       :

For the reasons stated in the Memorandum-Opinion on file, Relator's

Petition for Writ of Mandamus is hereby denied. Costs taxes to Relator.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE