THE STATE EX REL. FEARS, APPELLANT, *v.* MYERS, JUDGE, APPELLEE.

[Cite as *State ex rel. Fears v. Myers,* 139 Ohio St.3d 273, 2014-Ohio-1939.]

*Mandamus—Petition seeking new sentencing hearing—Relator has adequate remedy at law by appeal or postconviction relief—Judgment affirmed and writ denied.*

(No. 2013-1492—Submitted April 30, 2014—Decided May 15, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130461.

_____

**Per Curiam.**

{¶ 1} William Fears appeals the First District Court of Appeals' dismissal of his complaint for a writ of mandamus. Fears sought a writ compelling the trial court to grant him a new sentencing hearing. For the following reasons, the court of appeals properly dismissed Fears's complaint, and we affirm.

{¶ 2} Fears had adequate remedies at law by appeal or postconviction relief to review his claimed sentencing error. *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998), citing *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997). Moreover, the fact that Fears has already invoked some of these alternate remedies to raise his claim of sentencing error does not entitle him to extraordinary relief in mandamus. *Sampson* at 93, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 47, 676 N.E.2d 108 (1997).

{¶ 3} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William Fears, pro se.

_____