The STATE, ex rel. GOODEN,

v.

MARTIN, Judge.

[Cite as *State, ex rel. Gooden, v. Martin* (1990), 67 Ohio App.3d 685.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–954.

Decided May 17, 1990.

*Martine P. Gooden, pro se.*

*Michael Miller,* Prosecuting Attorney, and *Jeffrey L. Glasgow,* for respondent.

---

REILLY, Presiding Judge.

Pursuant to Civ.R. 12(B)(6), respondent, Judge Paul Martin of the Court of Common Pleas of Franklin County, has filed a motion to dismiss relator's petition for a writ of mandamus.

Relator, Martine P. Gooden, filed a petition for a writ of mandamus in this court on August 21, 1989. The petition alleges that relator was a defendant in a criminal case in the Franklin County Common Pleas Court and that he filed a motion pursuant to R.C. 2967.191 for jail time credit of one hundred twenty days. The petition requests an order from this court directing respondent to order the jail time credit.

In order to be entitled to a writ of mandamus, relator must show that he has a clear legal right to the relief requested, and that respondent has a clear legal duty to provide the relief requested, and that relator has no plain or adequate remedy in the ordinary course of law. *State, ex rel. Harris, v. Rhodes* (1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641.

■ A complaint will not be dismissed on a motion to dismiss unless, after construing the allegations of the complaint most strongly in favor of the plaintiff, it appears beyond doubt that plaintiff can prove no set of facts entitling him to relief. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

R.C. 2967.191, provides:

*"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted* and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence." (Emphasis added.)

■ In a *per curiam* opinion, the Supreme Court has held that mandamus will not issue to order a trial court to grant pretrial confinement time credit because the duty to grant such credit rests solely with the Adult Parole Authority under R.C. 2967.191. *State, ex rel. Harrell, v. Court of Common Pleas* (1979), 58 Ohio St.2d 193, 12 O.O.3d 189, 389 N.E.2d 506. Although the statute has been amended since *Harrell* to reflect federal court decisions making mandatory the award of so-called "dead jail time," the operative language has remained unchanged. The Ohio Adult Parole Authority has the duty to grant pretrial confinement time credit. The trial court has no such duty. See *State v. Reynolds* (Nov. 24, 1987), Franklin App. No. 87AP–323, unreported, 1987 WL 26352.

Thus, relator is not entitled to the relief requested as a matter of law because respondent does not have a legal duty to afford such relief. Pursuant to Crim.R. 32.2(D), the court's duty is simply to forward any entry of commitment to the appropriate institution, along with a statement of the number of days of confinement which defendant is entitled to have credited to his minimum and maximum sentence.

Respondent's motion to dismiss is sustained, and the case is dismissed.

*Motion to dismiss sustained and case dismissed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.