THE STATE EX REL. WYNN, APPELLANT, *v.* McCORMICK, JUDGE, APPELLEE.

[Cite as *State ex rel. Wynn v. McCormick* (1998), 82 Ohio St.3d 420.]

(No. 98–31—Submitted May 26, 1998—Decided July 29, 1998.)

*Turhan Wynn, pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellee.

***Per Curiam.*** We affirm the judgment of the court of appeals for the reasons stated in its opinion. Insofar as Wynn claimed entitlement to a probation revocation hearing, mandamus did not lie to compel Judge McCormick to perform an act that he had already performed. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 278, 279, 658 N.E.2d 723, 724. In addition, to the extent that Wynn now claims that the probation revocation hearing was not timely held pursuant to R.C. 2951.08, he had an adequate remedy in the ordinary course of law by appeal from Judge McCormick's judgment. Absent special circumstances, postjudgment appeal constitutes a complete, beneficial, and speedy remedy, which precludes extraordinary relief in mandamus. *State ex rel. Toledo Metro. Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 531, 678 N.E.2d 1396, 1398; R.C. 2731.05.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.