[The State ex rel.] Jones, Appellant, *v.* O'Connor, Judge, Appellee.

[Cite as *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426.]

(No 98–1782—Submitted December 15, 1998—Decided February 10, 1999.)

*Dennis R. Jones, pro se.*

*Per Curiam.* Jones asserts that the court of appeals erred in dismissing his complaint for a writ of mandamus. For the following reasons, however, we find this assertion to be meritless.

First, to the extent that Jones requested that Judge O'Connor rule on his motion for jail-time credit, his claim was rendered moot when Judge O'Connor subsequently denied the motion. Mandamus does not lie to compel an act that has already been performed. *State ex rel. Wynn v. McCormick* (1998), 82 Ohio St.3d 420, 421, 696 N.E.2d 593.

Second, Jones had an adequate remedy at law by appeal to review any sentencing error by Judge O'Connor in failing to calculate his correct jail-time credit. See, *e.g., State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

Finally, the duty under R.C. 2967.191 to actually *grant* pretrial-confinement time credit rests with the Adult Parole Authority rather than Judge O'Connor. *State ex rel. Harrell v. Hamilton Cty. Court of Common Pleas* (1979), 58 Ohio St.2d 193, 12 O.O.3d 189, 389 N.E.2d 506; *State ex rel. Gooden v. Martin* (1990), 67 Ohio App.3d 685, 588 N.E.2d 185.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.