OPINION
This action in mandamus is presently before this court for final determination of respondents' motion to dismiss, filed on October 25, 1999. As the basis of this motion, respondents, Trumbull County Clerk of Courts Margaret O'Brien and Judge Andrew Logan of the Trumbull County Court of Common Pleas, submit that the merits of this case have been rendered moot because, subsequent to the filing of the instant matter, they have performed the specific act which relator, Joseph M. Dudley, seeks to compel. For the following reasons, this court concludes that the motion has merit.
In bringing the instant action, relator sought the issuance of an order which would require respondents to serve him with a copy of the judgment entry rendered in September 1998. In his mandamus complaint, relator alleged that, in August 1998, he had filed a Civ.R. 60(B) motion in regard to a prior order respondent Logan had issued one year before. Relator further alleged that, even though respondent Logan denied the Civ.R. 60(B) motion in September 1998, respondent O'Brien never properly served a copy of the September 1998 judgment entry upon him. Based upon this, relator asserted that he had been deprived of the opportunity to appeal the September 1998 judgment entry.
Approximately one week after relator had commenced this action, respondents filed their first motion to dismiss the mandamus petition. In support of this earlier motion, respondents asserted that a writ of mandamus would not lie in this instance because they had already served relator with a copy of the judgment entry in question. Specifically, they argued that service had already been completed in accordance with Civ.R. 58(B) because, when the judgment entry had been issued in September 1998, it had contained a notation ordering that the entry be served upon relator and the prosecutor.
In overruling the first motion to dismiss, this court concluded that the notation of service upon the judgment entry itself had not been sufficient to satisfy the requirements of Civ.R. 58(B). We emphasized that, before a judgment entry will be deemed to have been "served" under the rule, respondent O'Brien had to note on the appearance docket that a copy of the judgment entry had been mailed to relator.
In now moving to dismiss again, respondents submit that, subsequent to our denial of the first motion, they have taken new steps to serve relator. Specifically, they assert that the following has occurred: (1) on October 19, 1999, respondent Logan issued an order vacating the September 1998 judgment entry; (2) on that same date, respondent Logan also released a new judgment entry overruling relator's Civ.R. 60(B) motion; and (3) two days later, respondent O'Brien mailed a copy of the new judgment entry to relator and noted the service upon the appearance docket. In support of these factual assertions, they had attached certified copies of the vacation order, the new judgment entry on the Civ.R. 60(B) motion, and the appearance docket.
Our review of the three certified documents shows that respondents have complied with the requirements for proper service of a judgment entry under Civ.R. 58(B). That is, the documents indicate that, within three days of the issuance of the new judgment entry, respondent O'Brien mailed a copy of the entry to relator and noted such service upon the appearance docket.
As respondents correctly note, the Supreme Court of Ohio has held that a writ of mandamus will not be issued to compel the performance of an act which has already been completed. State exrel. Wynn v. McCormick (1998), 82 Ohio St.3d 420. Thus, as the service of the judgment entry in question has been completed in accordance with the applicable rule, dismissal of this action is warranted because the merits of the mandamus petition have been rendered moot.
Pursuant to the forgoing discussion, respondents' motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.