OPINION
Cortez F. Thorpe, defendant-appellant, appeals the September 21, 1999 judgment of the Franklin County Court of Common Pleas denying his motion for jail time credit.
On March 8, 1999, appellant plead guilty in four separate cases to receiving stolen property, in violation of R.C.2913.51. He also plead guilty in one separate case to theft, in violation of R.C. 2913.51. Further, he plead guilty in four separate cases to possession of cocaine, in violation of R.C.2925.11. The trial court imposed one six-month determinate sentence, seven six-month sentences to be served consecutively, and a six-month sentence to be served concurrently with one of the cases. The court further found that appellant had one hundred forty days of jail credit.
On September 2, 1999, appellant filed a motion for jail time credit, asserting that he did not receive credit for all the time he was held in jail in lieu of bail prior to his conviction and sentence. On September 21, 1999, the trial court issued a decision and entry denying appellant's motion. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT COMMITTED ERROR IN FAILING AND REFUSING TO INCLUDE IN THE APPELLANT'S RECORD OF CONVICTION THE TOTAL NUMBER OF DAYS HE WAS CONFINED IN THE FRANKLIN COUNTY JAIL CONTRARY TO R.C. § 2949.12 AND IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION.
A defendant is entitled by law to have credited to the sentence of incarceration the number of days that he or she was confined prior to conviction and sentence. R.C. 2949.08; 2949.12. On July 1, 1998, Crim.R. 32.2 was amended, and the subdivision requiring the court to forward a statement of the number of days of confinement to which a defendant is entitled by law to have credited to his or her minimum and maximum sentence was deleted. Thus, currently, the only requirement that trial courts follow to calculate the number of days for jail time credit is set forth in Ohio Adm. Code 5120-2-04(B). State v. McComb (June 25, 1999), Montgomery App. No. 99 CA 8, unreported. Although no statute or criminal rule requires trial courts to calculate the number of days of jail time credit, R.C. 2967.191, 2949.08(C), and 2949.12
provide for the mandatory crediting of such time. R.C. 2967.191
provides that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced," including pretrial confinement in lieu of bail, confinement for competency and sanity examinations, and confinement while awaiting transportation to the place for serving the prison term. See, also, R.C. 2949.08(C) and 2949.12. In Statev. Herd (Mar. 31, 1999), Montgomery App. No. 17385, unreported, and State v. Reichelderfer (Apr. 30, 1999), Montgomery App. No. 17445, unreported, the appellate court recognized the repeal of the mandatory language of Crim.R. 32.2(D), but encouraged trial courts to continue calculating the number of days served prior to sentencing for the benefit of the Department of Rehabilitation and Correction, which needs such information to fulfill its duty as set forth in R.C. 2967.191.
In the present case, although it is not clear, appellant seems to be requesting that he be credited both with jail time he served while awaiting trial and with jail time he served between sentencing and transportation to the prison. With regard to the credit for jail time served while awaiting trial, the record is insufficient to determine whether appellant received the proper pre-sentence credit. Appellant has failed to file a transcript of the sentencing proceedings, and we are therefore unable to determine if the trial court explained how it calculated the one hundred forty days of jail credit or whether appellant presented any objection or argument on this issue. Appellant also does not adequately explain his method of calculating such credit. Further, we note that appellant did not raise this issue on direct appeal. See State ex rel. Jones v. Judge O'Connor (1999), 84 Ohio St.3d 426; State v. Boggs (Mar. 29, 2000), Lorain App. No. 99CA007358, unreported; State ex rel. Dissette v. Cuyahoga CountySheriff (Mar. 4, 1999), Cuyahoga App. No. 75506, unreported. Therefore, we are unable to determine whether the trial court erred and appellant has failed to satisfy his burden.
With regard to any credit for time served between the sentencing and transportation to prison, the trial court found that it did not have jurisdiction to give jail time credit because jurisdiction to give jail credit after the initial sentencing date rests with the Ohio Department of Rehabilitation and Correction or with the Adult Parole Authority. We agree. "[T]he duty to grant credit for time served in jail `while awaiting transportation to the place where he is to serve his sentence' R.C. 2967.191, rests solely with the adult parole authority." State ex rel. Edwards v.Honorable M. David Reid, Court of Common Pleas, Greene County,Ohio (July 8, 1987), Greene App. No. 87 CA 55, unreported, citingState ex rel. Harrell v. Court of Common Pleas (1979), 58 Ohio St.2d 193. Thus, in the present case, the trial court was under no duty to calculate this credit because such duty rests with the adult parole authority. See id. Therefore, appellant's assignment of error is overruled.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ BROWN, J.
BRYANT, J., concurs, GREY, J., dissents.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.