DECISION
{¶ 1} Relator, Brian Ross, commenced this original action requesting a writ of mandamus ordering respondent, Judge Richard S. Sheward, to properly calculate his jail time credit. Respondent has filed a motion to dismiss which was converted to a motion for summary judgment.
 {¶ 2} Pursuant to Civ.R. 53(C), and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concludes that respondent ruled on relator's motion to calculate his jail time credit and, therefore, relator had an adequate remedy at law. Relator could have filed an appeal from respondent's denial of his motion to recalculate his jail time credit. Relator failed to do so.
 {¶ 3} In addition, the magistrate held that relator's attempt to incorporate a motion for delayed appeal with his petition for a writ of mandamus is misplaced. Relator would need to file a motion for delayed appeal pursuant to App.R. 26(B), as well as a notice of appeal. Moreover, the duty under R.C. 2967.191, to grant pre-trial confinement time credit, rests with the Ohio Adult Parole Authority rather than with respondent. Therefore, the magistrate recommends that this court grant respondent's motion for summary judgment.
 {¶ 4} No objections have been filed to the magistrate's decision.
 {¶ 5} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondent's motion for summary judgment is granted and the writ of mandamus is denied.
Motion for summary judgment granted;
Writ of mandamus denied.
BOWMAN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 DECISION ON MOTION FOR SUMMARY JUDGMENT {¶ 6} Relator, Brian Ross, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Judge Richard S. Sheward, to properly calculate his jail time credit. Respondent has filed a motion to dismiss which was converted to a motion for summary judgment.
Findings of Fact:
 {¶ 7} 1. Relator is an inmate currently incarcerated in the London Correctional Institution.
 {¶ 8} 2. On January 28, 2003, relator filed a petition for a writ of mandamus incorporating a delayed notice of appeal. Relator requests that this court order respondent to properly calculate the number of days credited against the sentence imposed and that this court grant his delayed notice of appeal.
 {¶ 9} 3. In his affidavit of civil actions and/or appeals, relator indicates that, within the last 12 months, he has filed the following actions:
 {¶ 10} "* * * Motion For Jail Time Credit Filed January The 11th, 2002, Before The Court Of Common Pleas For Franklin County, Before Honorable Judge, Richard S. Sheward. This Motion For Jail Time Credit Was Denied January The 25th, 2002.
 {¶ 11} "* * * No Appeal Was Taken By Layman Pro Se.
 {¶ 12} "* * * Motion For Jail Time Credit Filed May The 20th, 2002, Before The Court Of Common Pleas For Franklin County, Before Honorable Judge, Richard S. Sheward. This Motion For Jail Time Credit Was Denied June 01st, 2002."
 {¶ 13} 4. On February 18, 2003, respondent filed a motion to dismiss which this magistrate converted to a motion for summary judgment. Respondent asserts that both of relator's actions asking the court to recalculate his jail time credit have been ruled upon and, as such, this matter is moot. Further, respondent contends that relator has an adequate remedy of law by way of an appeal. Respondent asserts that it is the Ohio Adult Parole Authority who has the duty to grant any pre-time jail time credit and, as such, that respondent does not have the legal duty to perform the acts relator seeks.
 {¶ 14} 5. Relator has filed a memorandum in opposition to the motion for summary judgment which merely reattaches his petition for a writ of mandamus and his delayed notice of appeal.
 {¶ 15} 6. The matter is currently before this magistrate on motion for summary judgment.
Conclusions of Law:
 {¶ 16} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 17} Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
 {¶ 18} A review of the record indicates that relator admits that he has already asked respondent to recalculate his jail time credit twice. This is not an instance where an inmate is requesting that the trial court proceed to rule on a motion which the inmate filed. Instead, respondent has ruled on two of relator's motions and, as such, respondent is correct and the matter is moot.
 {¶ 19} Furthermore, relator did, and perhaps still does, have another adequate remedy at law. Relator could have filed an appeal from respondent's denial of his motion to recalculate his jail time credit. Relator failed to do so.
 {¶ 20} Relator has attempted to incorporate a motion for delayed appeal with his petition for a writ of mandamus; however, that motion is not properly before the court at this time. Relator would need to file a motion for delayed appeal pursuant to App.R. 26(B), as well as a notice of appeal. At that time, his motion for delayed appeal would be addressed by this court.
 {¶ 21} Furthermore, a review of relator's petition indicates that he is asking this court to order respondent to properly calculate his pretrial confinement time credit. Pursuant to State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426, the duty under R.C. 2967.191 to actually grant pretrial confinement time credit rests with the Ohio Adult Parole Authority rather than with the trial court judge, respondent herein.
 {¶ 22} For all the foregoing reasons, this magistrate finds that respondent is entitled to summary judgment as a matter of law and this court should grant respondent's motion for summary judgment.