OPINION *Page 2 
{¶ 1} Defendant-appellant Mark L. Walker, Jr. appeals his sentence entered by the Muskingum County Court of Common Pleas on one count of Discharge of a Firearm into a Habitation, after the trial court found appellant guilty upon its acceptance of appellant's guilty plea. Plaintiff-appellee is the State of Ohio.
 {¶ 2} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE CASE AND FACTS {¶ 5} The relevant facts are as follows:
 {¶ 6} On December 25, 2000, Appellant, Mark L. Walker, Jr., was arrested by the Zanesville Police Department in connection with that department's investigation into a shooting that occurred outside a Zanesville residence.
 {¶ 7} Appellant was subsequently indicted by the Muskingum County Grand Jury on one count of Improper Discharge of a Firearm into a Habitation, in violation of R.C. § 2923.161(A)(1), a felony of the second degree. Said charge also carried a firearm specification, in violation of R.C. § 2941.141. *Page 3 
 {¶ 8} This case was assigned case number CR2001-0007. At arraignment, Appellant pled "not guilty" to this Indictment and remained in the custody of the Muskingum County Sheriff in lieu of posting bond.
 {¶ 9} On March 21, 2001, Appellant, with the assistance of court-appointed counsel, entered a plea of "guilty" to a Bill of Information which charged him with one count of Improper Discharge of a Firearm into a Habitation, in violation of R.C. § 2923.161(A)(1), a felony of the second degree, and a firearm specification, in violation of R.C. § 2941.145. This case was assigned case number CR2001-0059.
 {¶ 10} These charges stem from the incident that originally occurred on December 25, 2000.
 {¶ 11} On April 16, 2001, the trial court sentenced Appellant to a prison term of two (2) years upon the charge of Discharge of a Firearm into a Habitation, to be served consecutive to a mandatory prison sentence of three (3) years upon the firearm specification. In the sentencing entry, the trial court ordered that Appellant be granted fifteen (15) days of jail time credit as of the date of the entry, April 20, 2001.
 {¶ 12} Appellant did not file a direct appeal of his conviction or sentence.
 {¶ 13} On April 19, 2001, the trial court signed an entry which dismissed Case Number CR2001-0007.
 {¶ 14} On October 25, 2005, Appellant returned to the trial court for a hearing on Appellant's pro se request for judicial release. At said hearing, the trial court found that Appellant had served the mandatory portions of his prison sentence and found that he was otherwise amenable to community control. Accordingly, the trial court placed *Page 4 
Appellant on community control under intensive supervision and suspended the balance of his sentence.
 {¶ 15} On May 5, 2006, a motion was filed in the trial court which alleged that Appellant had violated some of the terms and conditions of his community control.
 {¶ 16} On May 8, 2006, Appellant returned to court, with court-appointed counsel, and entered a plea of "guilty" to the allegations set forth in the motion. At that time, the trial court terminated Appellant's community control and re-imposed Appellant's original prison sentence.
 {¶ 17} Pursuant to an entry filed May 11, 2006, the trial court found that Appellant had accrued a total of one thousand one hundred ninety-three (1193) days of credit towards his sentence.
 {¶ 18} Appellant did not appeal any of the findings or orders that resulted from his community control violation hearing.
 {¶ 19} On March 14, 2007, Appellant filed a Motion for Jail Time Credit. By entry dated May 4, 2007, the trial court denied the motion. Appellant did not appeal the denial of his motion.
 {¶ 20} On August 21, 2007, Appellant filed a Petition for Post Relief [sic]. In said petition, Appellant again sought an adjustment in his jail time credit.
 {¶ 21} By entry dated, September 4, 2007, the trial court denied Appellant's Petition for Post Relief [sic].
 {¶ 22} On or about September 19, 2007, Appellant filed the appeal that is currently before this Court, assigning the following sole error for review: *Page 5 
 ASSIGNMENT OF ERROR {¶ 23} "THE TRIAL COURT ERRED BY NOT CREDITING THE APPELLANT WITH THE CORRECT AMOUNT OF JAIL TIME CREDIT SERVED. THUS VIOLATING APPELLANT'SFIFTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.
 I. {¶ 24} In his sole assignment of error, Appellant maintains that he is entitled to jail time credit for time he spent in the Muskingum County Jail prior to sentencing in the case at bar. We disagree.
 {¶ 25} Upon review of the record, we find that Appellant did not raise this issue in a timely manner. "The issue of crediting a sentence with jail time served is one which should be raised on direct appeal."State v. Robinson (Oct. 23, 2000), Scioto App. No. 00CA2698, unreported, citing State v. Thorpe (June 30, 2000), Franklin App. Nos. 99AP-1180 and 99AP-1187, unreported, and State v. Flynn (Nov. 7, 1997), Ashtabula App. No. 96-A-0079, unreported. See, also, State ex rel. Jones v.O'Connor (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223 (stating that an appeal is an adequate remedy by which to review sentencing errors in failing to calculate correct jail time credit).
 {¶ 26} The doctrine of res judicata prevents re-litigation of issues which could have been raised by way of direct appeal from a final judgment of conviction. See, e.g., State v. Caldwell, 11th Dist. No. 2004-L-173, 2005-Ohio-6149, at ¶ 8-10.
 {¶ 27} The amount of jail time credit Appellant received was specifically set forth in the April 20, 2001, sentencing judgment entry issued by the trial court. Appellant was represented by counsel when he entered his plea of guilty to the bill of information. If *Page 6 
Appellant objected to the amount of jail time credit given him by the trial court, he could, and should, have filed a direct appeal from said sentencing entry, however he did not.
 {¶ 28} In addition, on May 4, 2007, the trial court denied Appellant's motion for jail time credit. Appellant did not appeal the trial court's decision. Therefore, this issue has been previously litigated in a prior proceeding, which is final due to Appellant's failure to appeal it. The issue cannot now be re-opened, due to res judicata.
 {¶ 29} Appellant's sole assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.
 By: Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1