[Cite as *State v. Bradley*, 2011-Ohio-1228.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00197 |
|  | : |  |
|  | : |  |
| BRANDEN BRADLEY | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Stark County
Court of Common Pleas Case No.
2005-CR-1085

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        March 14, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        BRANDEN BRADLEY, pro se
Prosecuting Attorney        Inmate No. A531-282
Stark County, Ohio        Mansfield Correctional Institution
       P.O. Box 788
BY: KATHLEEN O. TATARSKY        Mansfield, Ohio 44901
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Edwards, P.J.*

{¶1} Appellant, Branden Bradley, appeals a judgment of the Stark County Common Pleas Court overruling his motion for jail time credit. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On August 5, 2005, appellant was indicted by the Stark County Grand Jury with one count of escape in violation of R.C. 2921.34(A)(1)(C)(2)(b), a felony of the third degree. The bill of particulars states that on or about December 1, 2004, to July 29, 2005, appellant was ordered into the Community Treatment and Corrections Center and failed to report, and also states that appellant failed to report to his parole officer on August 15, 2005.

{¶3} Appellant entered a plea of guilty on October 3, 2005. He was sentenced to five years incarceration and given 70 days jail time credit. Appellant did not appeal this entry.

{¶4} Appellant was granted judicial release on October 16, 2006, and placed on intensive supervision probation (ISP). In February 2007, a motion to revoke his ISP was filed and appellant was placed on community control. In March of 2007, appellant was marked an "intensive supervision absconder." Following a hearing, his ISP was revoked and he was returned to prison. By judgment entry filed July 10, 2007, appellant was given jail time credit of 186 days. Appellant did not file an appeal from this entry.

{¶5} On June 23, 2010, appellant filed a motion for jail time credit, asking for 60 days of jail time credit for court-ordered house arrest he alleged he served from October 13, 2006, to December 13, 2006. The record does not reflect that he served time on

house arrest.  Appellant claimed he should be given jail time credit for 225 days rather than 186 as set forth in the July 10, 2007 judgment.   The court overruled the motion. Appellant assigns a single error on appeal:

{¶6}   "THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT JAIL TIME CREDIT FOR DAYS SUCCESSFULLY COMPLETED ON ELECTRONICALLY MONITORED HOUSE ARREST IN VIOLATION OF APPELLANT'S SUBSTANTIAL RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION."

{¶7}   When faced with the identical issue concerning a motion for jail time credit for time served on house arrest, this Court has previously held that failure to appeal the entry in which jail time credit is addressed renders the issue res judicata:

{¶8}   "Under the doctrine of res judicata, a final judgment and conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment. *State v. Szefck,* 77 Ohio St.3d 93, 95, 1996-Ohio-337, 671 N.E.2d 233; *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. The doctrine of res judicata has also been held to apply to a jail-time credit motion that alleged an erroneous legal determination on jail time credit. See, *State v. Chafin,* Franklin App. No. 06AP-1108, 2007-Ohio-1840; *State v. Lomack,* Frank App. No. 04AP-648, 2005-Ohio-2716, at paragraph 12. Issues regarding jail-time credit are properly addressed on direct appeal. *State ex rel. Rankin v.*

*Ohio Adult Parole Authority,* 98 Ohio St.3d 476, 479, 2003-Ohio-2061, 786 N.E.2d 1286, *State ex rel. Jones v. O'Connor,* 84 Ohio St.3d 426, 1999-Ohio-470, 704 N.E.2d 1223; *State v. Parsons,* Franklin App. No. 03AP-1176, 2005-Ohio-457, at paragraph 8; *State v. Robinson* (Oct. 23, 2000), Scioto App. No. 00CA2698, 2000 WL 1617952, unreported; *State v. Flynn* (Nov. 7, 1997), Ashtabula App. No. 96-A-0079; *State v. Walker,* Muskingum App. No. CT2007-0062, 2007-Ohio-6624.

**{¶9}** "In the case sub judice, appellant originally entered a plea and was sentenced in October, 2004.  Appellant entered a plea in accordance with the terms of a negotiated plea agreement and was represented by counsel.

**{¶10}** "We find that appellant is barred by the doctrine of res judicata from pursuing his Motion for Jail Time Credit.  Appellant had an opportunity to appeal the trial court's February 28, 2008 determination of jail time credit by means of a timely direct appeal but failed to do so." *State v. Guilford,* Stark App. No. 2009CA00107, 2010-Ohio-647, ¶23-25.

**{¶11}** In the instant case, appellant failed to file a direct appeal from the July 10, 2007, determination of jail time credit.  He is, therefore, barred by the doctrine of res judicata from pursuing his motion for jail time credit.

{¶12}  The assignment of error is overruled.

{¶13}  The judgment of the Stark County Common Pleas Court is affirmed.


By: Edwards, P.J.

Gwin, J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r1214

[Cite as *State v. Bradley*, 2011-Ohio-1228.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRANDEN BRADLEY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00197 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES