[Cite as *State v. Allen*, 2012-Ohio-1599.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| RONNELL ALLEN | : | Case No. 12-COA-003 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 10CRI109


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   April 6, 2012


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

EMILY M. BATES                           RONNELL A. ALLEN, PRO SE
110 Cottage Street                       North Central Correctional Institution
Third Floor                              Inmate No. A593856
Ashland, OH  44805                       670 Marion/Williamsport Road, East
                                         P.O. Box 1812
                                         Marion, OH  43301-1812

*Farmer, J.*

{¶1} On March 7, 2011, appellant, Ronnell Allen, pled guilty to two counts of forgery in violation of R.C. 2913.31 and one count of grand theft in violation of R.C. 2913.02. By judgment entry filed April 22, 2011, the trial court sentenced appellant to an aggregate term of ten months in prison, and granted him one hundred and twenty-six days of jail time credit plus one day credit for each day served subsequent to the date of sentencing while awaiting transfer to the receiving institution.

{¶2} Due to a request from the Ohio Department of Rehabilitation and Correction for clarification on appellant's jail time credit, the trial court issued a judgment entry on June 15, 2011 clarifying the jail time credit. The trial court limited appellant's jail time credit to one hundred and twenty-six days and no more, as no further jail time credit accrued following the date of sentencing due to appellant's existing incarceration on other charges.

{¶3} Appellant did not file a direct appeal on his sentence and accompanying jail time credit.

{¶4} On December 13, 2011, appellant filed a motion for jail time credit. By judgment entry filed January 5, 2012, the trial court denied the motion.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶6} "THE TRIAL COURT COMMITTED PLAIN ERROR VIOLATING DUE PROCESS AND EQUAL PROTECTION OF THE LAWS WHEN IT FAILED TO

ACKNOWLEDGE JAIL TIME APPELLANT SERVED, AND CREDIT IT TO APPELLANT'S SENTENCE."

I

{¶7} Appellant claims the trial court erred in failing to award him the correct amount of jail time credit. We disagree.

{¶8} The trial court sentenced appellant to an aggregate term of ten months in prison, and granted him one hundred and twenty-six days of jail time credit plus one day credit for each day served subsequent to the date of sentencing while awaiting transfer to the receiving institution. See, Judgment Entry filed April 22, 2011.

{¶9} Due to a request from the Ohio Department of Rehabilitation and Correction for clarification on appellant's jail time credit, the trial court issued a judgment entry on June 15, 2011 clarifying the jail time credit. The trial court limited appellant's jail time credit to one hundred and twenty-six days and no more, as no further jail time credit accrued following the date of sentencing due to appellant's existing incarceration on other charges.

{¶10} Appellant did not file an appeal on either judgment entry. In *State v. Guilford,* Stark App. No. 2009CA00107, 2010-Ohio-647, this court, in reviewing a similar case wherein a defendant did not file a direct appeal of the jail time credit order, held the following at ¶23-25:

{¶11} "Under the doctrine of res judicata, a final judgment and conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which

resulted in that judgment of conviction, or on appeal from that judgment. *State v. Szefck,* 77 Ohio St.3d 93, 95, 1996-Ohio-337, 671 N.E.2d 233; *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. The doctrine of res judicata has also been held to apply to a jail-time credit motion that alleged an erroneous legal determination on jail time credit. See, *State v. Chafin,* Franklin App. No. 06AP-1108, 2007-Ohio-1840; *State v. Lomack,* Frank App. No. 04AP-648, 2005-Ohio-2716, at paragraph 12. Issues regarding jail-time credit are properly addressed on direct appeal. *State ex rel. Rankin v. Ohio Adult Parole Authority,* 98 Ohio St.3d 476, 479, 2003-Ohio-2061, 786 N.E.2d 1286, *State ex rel. Jones v. O'Connor,* 84 Ohio St.3d 426, 1999-Ohio-470, 704 N.E.2d 1223; *State v. Parsons,* Franklin App. No. 03AP-1176, 2005-Ohio-457, at paragraph 8; *State v. Robinson* (Oct. 23, 2000), Scioto App. No. 00CA2698, 2000 WL 1617952, unreported; *State v. Flynn* (Nov. 7, 1997), Ashtabula App. No. 96-A-0079; *State v. Walker,* Muskingum App. No. CT2007-0062, 2007-Ohio-6624.

**{¶12}** "***

**{¶13}** "We find that Appellant is barred by the doctrine of res judicata from pursuing his Motion for Jail Time Credit. Appellant had an opportunity to appeal the trial court's February 28, 2008 determination of jail time credit by means of a timely direct appeal but failed to do so."

**{¶14}** Because appellant failed to file a direct appeal from the April 22 and June 15, 2011 determinations on jail time credit, we find appellant's arguments herein to be barred by the doctrine of res judicata. See also, *State v. Bradley,* Stark App. No. 2010CA00197, 2011-Ohio-1228.

{¶15} While it is true that a defendant may appeal a trial court's denial of a motion to correct jail time credit, an appeal is available only if the trial court refused to correct a clerical mistake or a mathematical error in calculating time. *State v. McClain,* Lucas App. No. L-07-1164, 2008-Ohio-481. In contrast, a claim that jail time credit was denied because days were not properly classified as arising under the instant offense is a "substantive" claim "which must be brought to the trial court's attention before sentencing or raised on direct appeal." Id. at ¶12. Substantive claims are barred by res judicata. Id.; *State v. Chafin,* Franklin App. No. 06AP-1108.

{¶16} Appellant is challenging the trial court's determination that appellant was not entitled to any more than one hundred and twenty-six days of jail time credit because "[n]o further jail-time credit accrued following the date of sentencing due to Defendant's existing incarceration on other charges." This is a substantive challenge which is barred by res judicata.

{¶17} The sole assignment of error is denied.

{¶18} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ W. Scott Gwin_____

JUDGES

SGF/sg 323

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONNELL ALLEN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-COA-003 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ W. Scott Gwin_____

JUDGES