[Cite as *State v. Johnson*, 2012-Ohio-5164.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Patricia A. Delaney, P.J. |
| | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case Nos. 2011-CA-0113 & |
| | : | 2011-CA-0114 |
| | : | |
| BRADLEY JOHNSON | : | |
| | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:        Criminal Appeal from Richland
County Court of Common Pleas Case
Nos. 01-CR-0275D & 04-CR-0203D

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        October 30, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JAMES J. MAYER, JR.        BRADLEY JOHNSON
Richland County Prosecutor        Inmate No. 470-776
Richland County, Ohio        Richland Correctional Institution
        1001 Olivesburg Road
BY: JILL COCHRAN        Mansfield, Ohio  44901
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

**{¶1}** Appellant, Bradley Johnson, appeals a judgment of the Richland County Common Pleas Court denying his motion for jail time credit in Case No. 01-CR-0275D (App. No. 2011-CA-0113) and Case No. 04-CR-0203D (App. No. 2011-CA-0114). Appellee is the State of Ohio. On January 31, 2012, this Court consolidated these appeals for merit review.

STATEMENT OF FACTS AND CASE

**{¶2}** In 2001, appellant pleaded guilty to robbery (R.C. 2911.02(A)(2)) and burglary (R.C. 2911.12(A)(1)) in Case No. 01-CR-0275D. He was sentenced to four years in prison on Count One and four years of community control on Count Two. The community control sentence was to begin upon appellant's release from prison on Count One, and the judgment stated that appellant could serve a period of incarceration of eight years for violation of the terms of community control on Count 2.

**{¶3}** Appellant was remanded into the custody of the Ohio Department of Corrections. The trial court gave appellant sixty days jail time credit on Count One for time spent incarcerated prior to trial.

**{¶4}** Appellant was granted judicial release on June 4, 2003. Appellant had served 590 days in prison, and had 810 days remaining on his sentence on Count One at this time. As a condition of his release, he was ordered to complete the program at LMCCC in Newark, Ohio. He completed this program on November 19, 2003.

**{¶5}** A probation violation was filed in Case No. 01-CR-0275D on May 24, 2004, because appellant had been charged with aiding and abetting robbery in Case No. 04-CR-0203D. Appellant admitted to the probation violation and entered a plea of

guilty on the new charge. For the probation violation in 01-CR-0275D, the court sentenced appellant to four years incarceration on each count, to be served concurrently. Appellant was sentenced to five years incarceration in Case No. 04-CR-0203D, to run consecutively to his sentence in 01-CR-0275D for the probation violation.

{¶6} On October 22, 2004, appellant filed a motion for jail time credit under both case numbers for 610 days he spent in prison, 168 days spent at LMCCC and sixty days for time spent at the Richland County Jail pending trial. Appellant filed a second motion for jail time credit on February 10, 2005, seeking credit for 610 days previously served on Count One. The trial court gave appellant credit for 168 days spent at LMCCC.

{¶7} Appellant filed another motion for jail time credit on October 17, 2005, again seeking credit for 610 days in both cases. The trial court denied the motion, finding that because appellant was never incarcerated on Count Two prior to 2004 when he was sentenced based on the probation violation, he was not entitled to credit pursuant to the rules of the Department of Corrections.

{¶8} Appellant filed a motion again seeking credit for the same 610 days on April 20, 2009, which was overruled. Appellant filed a motion to reconsider on August 28, 2009, which was denied. Appellant filed a motion seeking jail time credit on September 29, 2010. Appellant filed yet another motion for jail time credit on November 7, 2011, which the court overruled on November 10, 2011. The trial court noted that appellant was already awarded credit for that time on Count One of the 2001 case on which the time was served, and the time was served prior to the commission of the offense giving rise to his 2004 conviction.

{¶9}  Appellant assigns a single error:

{¶10} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND VIOLATED THE EQUAL PROTECTION CLAUSE, WHERE APPELLANT WAS DENIED APPLICATION OF ALL HIS TIME SPENT ON THE CONCURRENT CHARGES."

{¶11} Appellant failed to appeal from his original 2005 entry giving jail time credit, and has not appealed from the trial court's five previous judgments overruling his request for credit for the same time period.  This Court has previously found that failure to appeal the sentencing entry constitutes res judicata to a later motion for jail time credit:

{¶12} "Under the doctrine of res judicata, a final judgment and conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment. *State v. Szefck,* 77 Ohio St.3d 93, 95, 1996–Ohio–337, 671 N.E.2d 233; *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. The doctrine of res judicata has also been held to apply to a jail-time credit motion that alleged an erroneous legal determination on jail time credit. See, *State v. Chafin,* Franklin App. No. 06AP–1108, 2007–Ohio–1840; *State v. Lomack,* Franklin App. No. 04AP–648, 2005–Ohio–2716, at paragraph 12. Issues regarding jail-time credit are properly addressed on direct appeal. *State ex rel. Rankin v. Ohio Adult Parole Authority,* 98 Ohio St.3d 476, 479, 2003–Ohio–2061,

786 N.E.2d 1286, *State ex rel. Jones v. O'Connor,* 84 Ohio St.3d 426, 1999–Ohio–470, 704 N.E.2d 1223; *State v. Parsons,* Franklin App. No. 03AP–1176, 2005–Ohio–457, at paragraph 8; *State v. Robinson* (Oct. 23, 2000), Scioto App. No. 00CA2698, 2000 WL 1617952, unreported; *State v. Flynn* (Nov. 7, 1997), Ashtabula App. No. 96–A0079; *State v. Walker,* Muskingum App. No. CT2007–0062, 2007–Ohio–6624." State v. Guilford, 5th Dist. No. 2009CA00107, 2010–Ohio–647, ¶23.

**{¶13}** Further, this Court has noted that only claims of a clerical or mathematical error in jail time credit may be appealed from a judgment denying a motion for credit:

**{¶14}** "While it is true that a defendant may appeal a trial court's denial of a motion to correct jail time credit, an appeal is available only if the trial court refused to correct a clerical mistake or a mathematical error in calculating time. *State v. McClain*, Lucas App. No. L–07–1164, 2008–Ohio–481. In contrast, a claim that jail time credit was denied because days were not properly classified as arising under the instant offense is a 'substantive' claim 'which must be brought to the trial court's attention before sentencing or raised on direct appeal.' Id. at ¶ 12. Substantive claims are barred by res judicata. Id.; *State v. Chafin,* Franklin App. No. 06AP–1108." *State v. Allen*, 5th Dist. No. 12–COA–003, 2012-Ohio-1599, ¶15.

**{¶15}** In the instant case, appellant's claim is a substantive claim that the court erred in failing to give him credit on Count Two in the 2001 case and in the 2004 case for time served on Count One in the 2001 case. Accordingly, appellant's claim is barred by res judicata.

**{¶16}** The assignment of error is overruled.

**{¶17}** The judgment of the Richland County Common Pleas Court is affirmed.


By: Edwards, J.

Delaney, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/r0815

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRADLEY JOHNSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NOS. 2011-CA-0113 & |
| | | 2011-CA-0114 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES