[Cite as *State v. DeVore*, 2019-Ohio-4034.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 19-COA-012 |
| ADAM M. DEVORE | |
| Defendant-Appellee | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Ashland County Court of Common Pleas, Case No. 17-CRI-002 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 30, 2019 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CHRISTOPHER R. TUNNELL<br>Ashland County Prosecuting Attorney | ADAM M. DEVORE<br>State I.D. A704-923<br>Richland Correctional Institute |
| COLE F. OBERLI<br>Assistant Prosecuting Attorney<br>110 Cottage Street<br>Ashland, Ohio  44805 | P.O. Box 8107<br>1001 South Olivesburg Road<br>Mansfield, Ohio  44901 |

*Hoffman, J.*

{¶1} Appellant Adam Devore appeals the judgment entered by the Ashland County Common Pleas Court denying his motion to correct jail time credit. Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On January 12, 2017, the Ashland County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2), one count of abduction in violation of R.C. 2905.02(A)(2), and one count of domestic violence in violation of R.C. 2919.25(A). Following jury trial in the Ashland County Common Pleas Court, Appellant was acquitted of rape, but convicted of abduction and domestic violence. The trial court sentenced appellant to 36 months in prison on the abduction conviction and to 36 months in prison on the domestic violence conviction, to be served consecutively to one another for an aggregate prison sentence of 72 months.

{¶3} At sentencing, the trial court noted Appellant had 413 days of jail time credit. The State informed the court 180 of those days were served pursuant to a sentence on an unrelated misdemeanor assault case. The trial court accordingly gave Appellant 233 days of jail time credit.

{¶4} This Court affirmed the judgment of conviction and sentence, and the Ohio Supreme Court denied Appellant's appeal. *State v. Devore,* 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189, ¶¶ 40-41, *appeal not allowed*, 154 Ohio St.3d 1502, 2019-Ohio-345, 116 N.E.3d 155, ¶¶ 40-41 (2019), and *appeal not allowed*, 155 Ohio St.3d

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised in this appeal, but can be found in this Court's opinion on direct appeal of Appellant's conviction and sentence. *See State v. Devore*, 5th Dist. Ashland No. 18-COA-011, 2018-Ohio-4189.

1457, 2019-Ohio-1759, 122 N.E.3d 217, ¶¶ 40-41 (2019), *reconsideration denied*, 156 Ohio St.3d 1467, 2019-Ohio-2892, 126 N.E.3d 1177, ¶¶ 40-41 (2019). Appellant's motion to reopen his appeal pursuant to App. R. 26(B) was also denied by this Court.

{¶5} On April 4, 2019, Appellant filed a motion for jail time credit. He argued the court made a mathematical error in giving him 233 days of jail time credit, rather than 413 days. The trial court overruled the motion, finding the Ashland Municipal Court sentenced Appellant to 180 days in jail on January 23, 2017, as a result of an assault conviction in an unrelated case, and Appellant was not entitled to credit toward time served in the instant case for those 180 days served.

{¶6} It is from the April 9, 2019, judgment of the Ashland County Common Pleas Court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT VIOLATED DEVORE'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION WHEN THE TRIAL COURT FAILED TO CONDUCT A HEARING FOR THE PURPOSES OF A LEGAL DETERMINATION REGARDING JAIL-TIME CREDIT, AND FAILED TO CREDIT AN ADDITIONAL 180 DAYS OF JAIL-TIME CREDIT TO THE 233 DAYS ALREADY CREDITED, FOR A TOTAL OF 413 DAYS OF JAIL-TIME CREDIT.

{¶7} Under the doctrine of res judicata, a final judgment and conviction bars a convicted defendant who was represented by counsel from raising and litigating in any

proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment. *State v. Szefck,* 77 Ohio St.3d 93, 95, 1996–Ohio–337, 671 N.E.2d 233; *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The doctrine of res judicata has also been held to apply to a jail-time credit motion alleging an erroneous legal determination on jail time credit. *See, State v. Chafin,* 10th Dist. Franklin No. 06AP–1108, 2007–Ohio–1840; *State v. Lomack,* 10th Dist. Franklin No. 04AP–648, 2005–Ohio–2716, ¶12. Issues regarding jail-time credit are properly addressed on direct appeal. *State ex rel. Rankin v. Ohio Adult Parole Authority,* 98 Ohio St.3d 476, 479, 2003–Ohio–2061, 786 N.E.2d 1286, *State ex rel. Jones v. O'Connor,* 84 Ohio St.3d 426, 1999–Ohio–470, 704 N.E.2d 1223; *State v. Walker,* 5th Dist. Muskingum  No. CT2007–0062, 2007–Ohio–6624.

**{¶8}**    While it is true a defendant may appeal a trial court's denial of a post-conviction motion to correct jail time credit, an appeal is available only if the trial court refused to correct a clerical mistake or a mathematical error in calculating time.  *State v. Allen*, 5th Dist. Ashland No. 12-COA-003, 2012-Ohio-1599, ¶ 15.   A claim jail time credit was denied because days were not properly classified as arising under the instant offense is a substantive claim which must be brought to the trial court's attention before sentencing or raised on direct appeal.  *Id.* Substantive claims are barred by res judicata. *Id.*

**{¶9}**    Appellant was represented by counsel on direct appeal, and failed to raise the issue of improper calculation of jail time credit.  Although Appellant now claims his argument involves a mathematical error, it is clear from the trial court's entry and the

transcript of sentencing the trial court classified 180 days of jail time as time served under an unrelated case.  This is a substantive claim, not a claim of mathematical or clerical error. Therefore, Appellant's claim is barred by res judicata.

{¶10}  Further, we find no error in the trial court's denial of 180 additional days of jail time credit.  As noted by the court, these days were served based on a sentence from the Ashland Municipal Court on an unrelated assault conviction.  Time spent serving a jail sentence in an unrelated case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence.  *State v. Morris*, 5th Dist. Tuscarawas No. 2017AP080025, 2018-Ohio-830, ¶19.

{¶11}  The assignment of error is overruled.

{¶12}  The judgment of the Ashland County Common Pleas Court is affirmed.


By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur