[Cite as *State v. Owens*, 2015-Ohio-5231.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAMELL OWENS | : | Case No. 14CA95 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from Court of Common
Pleas, Case No. 2010 CR 686 D


JUDGMENT:        Reversed in Part


DATE OF JUDGMENT:        December 14, 2015


APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

DANIEL M. ROGERS                        CASSANDRA J. M. MAYER
38 South Park Street                         452 Park Avenue West
Mansfield, OH  44902                        Mansfield, OH  44906

*Farmer, J.*

{¶1}    On September 29, 2010, the Northern District of Ohio Grand Jury indicted appellant, Damell Owens, and others on fifty-three counts related to drug trafficking (cocaine).

{¶2}    On October 8, 2010, the Richland County Grand Jury indicted appellant on six counts of drug trafficking (marijuana) related to the federal charges.

{¶3}    On October 20, 2010, appellant turned himself in and was incarcerated at the Northeast Ohio Correctional Center pursuant to the federal indictment.

{¶4}    On December 14, 2010, appellant was transferred from the Northeast Ohio Correctional Center to the Cuyahoga County Jail on the federal charges.

{¶5}    During his incarceration on the federal charges, appellant was served with the Richland County indictment and bond was set in the amount of $100,000 which appellant did not post.

{¶6}    On April 17, 2011, appellant was transferred from the Cuyahoga County Jail to the Bedford Heights City Jail.

{¶7}    On July 17, 18, 19, and 20, 2012, appellant resided in the Richland County Jail for hearings related to the Richland County indictment.  He was then returned to the Bedford Heights City Jail.

{¶8}    On August 6, 2012, appellant was transferred from the Bedford Heights City Jail to Richland County to enter guilty pleas related to the Richland County indictment.  By sentencing entry filed August 7, 2012, the trial court sentenced appellant to an aggregate term of ten years in prison, to be served consecutively to any sentence he received on the federal charges.  The entry was silent as to jail time credit.  Appellant

resided in the Richland County Jail from August 6, 2012, to August 7, 2012, and was then returned to the Bedford Heights City Jail.

{¶9}   On September 20, 2012, appellant was transferred from the Bedford Heights City Jail to the Northeast Ohio Correctional Center.

{¶10}  On December 17, 2012, appellant pled guilty to one of the federal counts.

{¶11}  On January 7, 2013, appellant was transferred from the Northeast Ohio Correctional Center to the Richland County Jail.  Appellant resided in the Richland County Jail from January 7, 2013, to January 14, 2013, and was then transferred to the Lorain Correctional Institution to begin serving his sentence on the Richland County convictions.

{¶12}  By order filed January 11, 2013, the trial court ordered jail time credit of fourteen days, for July 17, 2012, to July 20, 2012, August 6, 2012, to August 7, 2012, and January 7, 2013, to January 14, 2013.

{¶13}  On September 2, 2014, appellant filed a motion for additional jail time credit, for time spent in jail when he was held in lieu of bond.  By entry filed November 7, 2014, the trial court denied the motion.

{¶14}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶15}  "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S POST-SENTENCE MOTION FOR THE ADDITIONAL JAIL TIME CREDIT FOR THE TIME SPENT INCARCERATED DURING THE PENDENCY OF HIS CASE WHEN HE WAS HELD IN LIEU OF BOND BECAUSE AT THE TIME OF SENTENCING, THE COURT

SPECIFICALLY STATED THAT DEFENDANT WAS ENTITLED TO JAIL CREDIT AGAINST HIS PRISON TERM FOR WHATEVER TIME HE WAS CONFINED WHILE THIS CASE WAS PENDING."

I

{¶16} Appellant claims the trial court erred in denying his motion for additional jail time credit as he was entitled to jail time credit for the time he was held in jail in lieu of bond. We agree in part.

{¶17} R.C. 2967.191 governs credit for confinement awaiting trial and commitment and states the following in pertinent part:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

{¶18} In his brief at 10, appellant argues he is entitled to jail time credit from his initial incarceration, October 20, 2010, to his sentencing date, August 7, 2012, and from his sentencing date, August 7, 2012, to when he was transferred to the Lorain Correctional Institution, January 14, 2013.

{¶19} During his incarceration on the federal charges, appellant was served with the Richland County indictment and bond was set in the amount of $100,000 which appellant did not post.

{¶20} From the day appellant turned himself in, October 20, 2010, until January 7, 2013, appellant was incarcerated in various institutions on the federal charges, save for some dates he was needed in Richland County for hearings on the Richland County indictment, to wit: July 17, 2012, to July 20, 2012, and his change of plea and sentencing hearing on August 6, 2012. During the change of plea hearing, the trial court stated, "[h]e is entitled to jail credit against his prison term for whatever time he's been confined while this case has been pending." August 6, 2012 T. at 14.

{¶21} After accepting appellant's guilty pleas, the trial court sentenced appellant to one year, three year, and ten year sentences, to be served "concurrent to each other but consecutive to the time that's being earned for him in federal court." *Id.* at 18. The sentencing entry filed on August 7, 2012 reflects this disposition. However, the sentencing entry was silent as to jail time credit.

{¶22} On January 11, 2013, the trial court filed an order, ordering jail time credit of fourteen days, for July 17, 2012, to July 20, 2012, August 6, 2012, to August 7, 2012, and January 7, 2013, to January 14, 2013. Notably absent in the order is the time between sentencing on August 7, 2012, to the transfer from the Northeast Ohio

Correctional Center to the Richland County Jail on January 7, 2013. Appellant was sentenced by the trial court at the time, and no other sentences had been imposed that could have been counted as a consecutive sentence until he was sentenced on the federal charges after pleading guilty on December 17, 2012.

{¶23} Despite being held on other charges, but not serving any sentence on the other charges, appellant is entitled to jail time credit for August 8, 2012, to the date he was sentenced on the federal charges, presumably, December 17, 2012. Appellant's argument that he is entitled to jail time credit commencing with his incarceration on October 20, 2010 is flawed.

{¶24} The sole assignment of error is granted in part.

{¶25} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed in part, and the matter is remanded to said court for the imposition of additional jail time credit.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


SGF/sg 12/2