[Cite as *State v. Owens*, 2018-Ohio-2079.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 17CA73 |
| | : | |
| DAMELL OWENS | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No. 2010 CR
686 D

JUDGMENT:                                AFFIRMED

DATE OF JUDGMENT ENTRY:      May 24, 2018

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

GARY D. BISHOP                          CASSANDRA J. M. MAYER
RICHLAND CO. PROSECUTOR          452 Park Ave. W.
HARRISON R. CRUMRINE               Mansfield, OH 44906
38 South Park St., 2nd Floor
Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Damell Owens appeals from the July 27, 2017 Judgment Entry Overruling Motion for Jail Time Credit of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The instant case has a lengthy procedural history; the following portion of that history is relevant to the assignment of error raised in the instant appeal. A statement of the facts underlying appellant's criminal convictions is not necessary.

*Federal and State Drug Trafficking Charges*

{¶3} The following procedural history was first detailed in our decision in *State v. Owens,* 5th Dist. Richland No. 14CA95, 2015-Ohio-5231, at ¶¶ 1 through 13.

{¶4} On September 29, 2010, the Northern District of Ohio Grand Jury indicted appellant on fifty-three counts related to cocaine trafficking.

{¶5} On October 8, 2010, the Richland County Grand Jury indicted appellant on six counts of marijuana trafficking related to the federal charges.

{¶6} On October 20, 2010, appellant turned himself in and was incarcerated at the Northeast Ohio Correctional Center pursuant to the federal indictment.

{¶7} On December 14, 2010, appellant was transferred from the Northeast Ohio Correctional Center to the Cuyahoga County Jail on the federal charges.

{¶8} During his incarceration on the federal charges, appellant was served with the Richland County indictment and bond was set in the amount of $100,000 which appellant did not post.

{¶9}   On April 17, 2011, appellant was transferred from the Cuyahoga County Jail to the Bedford Heights City Jail.

{¶10} On July 17, 18, 19, and 20, 2012, appellant resided in the Richland County Jail for hearings related to the Richland County indictment. He was then returned to the Bedford Heights City Jail.

{¶11} On August 6, 2012, appellant was transferred from the Bedford Heights City Jail to Richland County to enter guilty pleas related to the Richland County indictment. By sentencing entry filed August 7, 2012, the trial court sentenced appellant to an aggregate term of ten years in prison, to be served consecutively to any sentence he received on the federal charges. The entry was silent as to jail time credit. Appellant resided in the Richland County Jail from August 6, 2012, to August 7, 2012, and was then returned to the Bedford Heights City Jail.

*The Direct (State) Appeal: Voluntarily Dismissed*

{¶12} In September 2012, appellant appealed from the judgment entry of the Richland County conviction and sentence.  This appeal was docketed as Fifth District Court of Appeals, Richland County, case number 12CA84.  Appellant then voluntarily dismissed the appeal at oral argument on May 9, 2013.

{¶13} On September 20, 2012, appellant was transferred from the Bedford Heights City Jail to the Northeast Ohio Correctional Center.

{¶14} On December 17, 2012, appellant pled guilty to one of the federal counts.

{¶15} On January 7, 2013, appellant was transferred from the Northeast Ohio Correctional Center to the Richland County Jail. Appellant resided in the Richland County

Jail from January 7, 2013, to January 14, 2013, and was then transferred to the Lorain Correctional Institution to begin serving his sentence on the Richland County convictions.

{¶16} By order filed January 11, 2013, the trial court ordered jail time credit of fourteen days, for July 17, 2012, to July 20, 2012, August 6, 2012, to August 7, 2012, and January 7, 2013, to January 14, 2013.

*The First Motion for Jail-Time Credit*

{¶17} On September 2, 2014, before the trial court, appellant filed a "Motion for Jail Time Credit during the Pretrial Pendency of this Matter," stating in pertinent part:

> * * * *.
>
> At the time of Sentencing, the Court indicated that, "[defendant] is entitled to jail credit against his prison term for whatever time he's been confined while this case has been pending." (Sentencing transcript, page 14, lines 13-18.) At this time, it is the understanding of the undersigned, by the defendant, that he has not been credited with his jail credit during the time while this case was pending.
>
> * * * *.

{¶18} On November 7, 2014, the trial court entered a "Judgment Entry Overruling Motion for Jail Time Credit" which states in pertinent part, "By an Order filed January 11, 2013,[1] defendant was already granted credit for time spent in the Richland County Jail."

---

[1] The order dated January 11, 2013, credits appellant with 14 days spent in the Richland County Jail.

*The Second Appeal:  Case Number 14CA95 and Remand*

{¶19} On December 9, 2014, appellant appealed from the trial court's judgment entry of November 7, 2014.  That appeal was docketed as Fifth District Court of Appeals, Richland County, case number 14CA95.

{¶20} Also before this Court, Appellant filed a motion to reopen case number 12CA84 on December 30, 2014, stating he wanted an opportunity to argue for jail-time credit in addition to 14 days the trial court had granted:

> * * * *.  Defendant was informed by the prison system as it related to the Bureau of Sentence Computation that he was provided only fourteen days jail time credit, despite the fact that Defendant was incarcerated related to this matter from approximately July 19, 2011 and his sentencing was August 6, 2012.  Same is clearly in excess of fourteen days.  * * * *.

{¶21} On December 14, 2015, we issued our ruling in *State v. Owens,* 5ᵗʰ Dist. Richland No. 14CA95, 2015-Ohio-5231.  In that case, appellant argued he was entitled to jail-time credit from his initial incarceration on October 20, 2010, to his sentencing date of August 7, 2012, and from the sentencing date of August 7, 2012, to his date of transfer to the Lorain Correctional Institution on January 14, 2013.  We agreed in part, stating:

> * * * *.
>
> On January 11, 2013, the trial court filed an order, ordering jail time credit of fourteen days, for July 17, 2012, to July 20, 2012, August 6, 2012, to August 7, 2012, and January 7, 2013, to January 14, 2013. Notably absent in the order is the time between sentencing

on August 7, 2012, to the transfer from the Northeast Ohio Correctional Center to the Richland County Jail on January 7, 2013. Appellant was sentenced by the trial court at the time, and no other sentences had been imposed that could have been counted as a consecutive sentence until he was sentenced on the federal charges after pleading guilty on December 17, 2012.

Despite being held on other charges, but not serving any sentence on the other charges, appellant is entitled to jail time credit for August 8, 2012, to the date he was sentenced on the federal charges, presumably, December 17, 2012. Appellant's argument that he is entitled to jail time credit commencing with his incarceration on October 20, 2010 is flawed.

\* \* \* \*.

*State v. Owens*, 5th Dist. Richland No. 14CA95, 2015-Ohio-5231, ¶¶ 22-23.

{¶22} On January 7, 2016, the trial court entered an "Order Granting Additional Jail Credit on Remand," stating in pertinent part:

\* \* \* \*.

In Richland County Court of Appeals case 14 CA 95, [appellant] appealed that he had not received credit for the time he served in Bedford Heights City Jail and the Northeast Ohio Correctional Center after he was sentenced here but before he reached the Ohio State prison system. The Court of appeals agreed.

It is therefore ordered on remand that an additional 132 days jail credit from August 8, 2012 through December 17, 2012 is granted against [appellant's] prison sentence in this case."

{¶23} Appellant did not appeal from the trial court's judgment entry of January 7, 2016.

*Second Motion for Jail-Time Credit*

{¶24} Instead, on May 25, 2017, appellant filed a "Motion for Jail Time Credit during Pre-Trial Incarceration due to Inability to Post Bond." In that motion, appellant states in pertinent part:

* * * *.

In the present case, it is clear that defendant was held without bail during the pendency of this matter from October 10, 2010 until he was sentenced, August 7, 2012.

However, the Trial Court only granted him 14 days of credit toward his sentence. The Trial Court only allowed credit for the days defendant spent in the Richland County Jail, rather than the defendant's incarceration at other facilities while being held without bail on the pending case and for all time served after his sentencing in August of 2012 until his delivery to the Lorain Correctional Institution on January 14, 2013.

* * * *.

{¶25} Appellee responded with a memorandum in opposition.

{¶26} On July 27, 2017, the trial court filed a "Judgment Entry Overruling Motion for Jail Time Credit."

{¶27} Appellant now appeals from the trial court's judgment entry of July 27, 2017.

{¶28} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶29} "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S POST-SENTENCE MOTION FOR JAIL TIME CREDIT FOR THE TIME SPENT INCARCERATED DURING THE PENDENCY OF HIS STATE CASE WHEN HE WAS HELD IN LIEU OF BOND BECAUSE DEFENDANT HAD NOT YET BEEN SENTENCED ON THE FEDERAL CASE, IN WHICH HE WAS ALSO BEING HELD IN LIEU OF BOND AT THE SAME TIME."

**ANALYSIS**

{¶30} Appellant argues he is entitled to additional jail-time credit for the period from October 20, 2010 to August 7, 2012. We disagree.

{¶31} We first note appellant misconstrues our decision in the first appeal, arguing we instructed the trial court upon remand "to recalculate jail time credit." As is evident supra, we specifically directed the trial court to credit appellant for the time period of "* * *August 8, 2012, to the date he was sentenced on the federal charges, presumably, December 17, 2012" *and overruled appellant's argument that he was entitled to jail-time credit "commencing with his incarceration on October 20, 2010 * * *."* (Emphasis added). *Owens*, supra, 2015-Ohio-5231 at ¶ 23. Appellant's characterization of a "recalculation" of jail-time credit is an attempt to bootstrap what he describes as "additional evidence and

information * * * made available to supply to the Court and supplement the record * * *"

into this latest effort to challenge the trial court's determination of jail-time credit.[2]

{¶32} Appellant's latest arguments are barred by res judicata because we have determined this issue once, the trial court complied with our remand order, and appellant failed to appeal from either of those arguments, instead waiting over a year to file another motion for jail-time credit. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 96, 1996–Ohio–337, 671 N.E.2d 233; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Not only does res judicata bar appellant from raising issues that were raised in his direct appeal, it also bars issues that could have been raised in that appeal. *Szefcyk,* supra.

{¶33} We have already ruled appellant is not entitled to jail-time credit for this period. *Owens*, supra, 2015-Ohio-5231 at ¶ 23. That decision became final upon appellant's failure to appeal our decision to the Ohio Supreme Court.

{¶34} Moreover, the trial court complied with our remand order on January 7, 2016, a decision which appellant also failed to appeal from.

---

[2] It is not clear what "additional" documentation of appellant's pre-conviction detentions was provided in light of the extensive documentation already before the trial court and before this Court in the prior appeal. Nor does appellant state why any such documentation was not provided at earlier stages in this litigation or why it is admissible now.

{¶35} The doctrine of res judicata applies to motions for jail-time credit asserting an erroneous legal determination on jail time credit. *State v. Guilford,* 5th Dist. Stark No.2009CA00107, 2010–Ohio–647, ¶ 24, citing *State v. Chafin,* 10th Dist. Franklin No. 06AP–1108, 2007–Ohio–1840 and *State v. Lomack,* 10th Dist. Franklin No. 04AP–648, 2005–Ohio–2716. Issues regarding jail-time credit are properly addressed on direct appeal. *State ex rel. Rankin v. Ohio Adult Parole Authority,* 98 Ohio St.3d 476, 479, 2003–Ohio–2061, 786 N.E.2d 1286, *State ex rel. Jones v. O'Connor,* 84 Ohio St.3d 426, 1999–Ohio–470, 704 N.E.2d 1223; *State v. Parsons,* 10th Dist. Franklin No. 03AP–1176, 2005–Ohio–457; *State v. Robinson*, 4th Dist. Scioto No. 00CA2698, 2000 WL 1617952, unreported (Oct. 23, 2000); *State v. Walker,* 5th Dist. Muskingum No. CT2007–0062, 2007–Ohio–6624.

{¶36} Appellant has had more than one bite of the apple.  While it is true that a defendant may appeal a trial court's denial of a motion to correct jail-time credit, an appeal is available only if the trial court refused to correct a clerical mistake or a mathematical error in calculating time. *State v. Allen*, 5th Dist. Ashland No. 12-COA-003, 2012-Ohio-1599, ¶ 15, citing *State v. McClain,* Lucas App. No. L–07–1164, 2008–Ohio–481. In contrast, a claim that jail time credit was denied because days were not properly classified as arising under the instant offense is a "substantive" claim "which must be brought to the trial court's attention before sentencing or raised on direct appeal." *Id.* at ¶ 12.  Appellant raised the substantive issue in case number 14CA95.  Further substantive claims are barred by res judicata. *Id.; State v. Chafin,* Franklin App. No. 06AP–1108.  See also, *State v. Guilford*, 5th Dist. Stark No. 2009 CA 00107, 2010-Ohio-647; *State v. Bradley*, 5th Dist. Stark No. 2010CA00197, 2011-Ohio-1228; *State v. Johnson*, 5th Dist. Richland No. 2011-

CA-0113, 2012-Ohio-5164; *State v. Jones*, 5th Dist. Richland No. 15CA109, 2016-Ohio-2790; *State v. Patterson*, 5th Dist. Stark No. 2009-CA-00198, 2010-Ohio-645.

{¶37} Appellant's attempts to argue that he has "supplemented the record" with additional documentation (that he failed to produce any of the myriad times he raised the same argument) does not produce new evidence that enables him to avoid application of the doctrine of res judicata. *State v. Persons*, 4th Dist. Washington No. 99CA17, 2000 WL 151276, *2.

{¶38} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶39} Appellant's sole assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.